**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Juan De LOS REYES,**
**Defendant-Appellant.**

**No. 88–2033**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 4, 1988.

---

Juan De Los Reyes, pro se.

Robert A. Berg, Asst. U.S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before REAVLEY, KING and JOLLY, Circuit Judges.

KING, Circuit Judge:

Juan De Los Reyes appeals from the district court's order resentencing him to a three year term of supervised release. That order came in response to Reyes' motion to correct his original sentence by vacating a two year special parole term imposed by the district court. As we find that the district court erred by imposing a term of supervised release and by vacating the original sentence, which called for the imposition of a special parole term, we grant Reyes *in forma pauperis* status, vacate the term of supervised release, and remand to the district court for resentencing.

### I.

Juan De Los Reyes ("Reyes") pleaded guilty to possessing less than fifty kilograms of marijuana with the intent to distribute in violation of Title 21, United States Code, section 841(a)(1). The underlying offense occurred on October 18, 1986. In April, 1987, the district court, citing Title 21, United States Code, section 841(b)(1)(C),[1] sentenced Reyes to eighteen months in prison, a $500 fine and a two year special parole term. In December, 1987, Reyes filed a motion under Federal Rule of Criminal Procedure 35 to correct his sentence by vacating the special parole term portion. In his motion, Reyes argued that the Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 224(a), 1984 U.S. Code Cong. & Admin.News (98 Stat.) 1987, 2030, repealed the special parole term provisions of section 841(b). The district court found that at the time of sentencing, section 841(b)(1)(C) authorized a period of supervised release rather than a special parole term and, as a result, granted Reyes' motion. The district court then immediately imposed a three year term of supervised release. Reyes later filed notice of appeal. The district court denied Reyes *in forma pauperis* status on appeal, and Reyes renews his motion here. He argues that the

---

1. Because Reyes was convicted of an offense under section 841(a)(1), he was subject to the penalty provisions of section 841(b).

district court was not empowered to impose either supervised release or special parole.

## II.

■ At the outset, we must examine our jurisdiction over the instant appeal "for 'it is incumbent upon federal courts—trial and appellate—to constantly examine the basis of jurisdiction, doing so on our own motion if necessary.'" *United States v. Santora,* 711 F.2d 41, 42 (5th Cir.1983) (quoting *Save The Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir. Feb. 1981)). The district court granted Reyes' Rule 35 motion in an order entered on December 23, 1987. Reyes filed his notice of appeal on January 11, 1988, more than ten days later. An appeal from a ruling on a Rule 35 motion is considered part of the original criminal proceeding and must be taken within the ten days provided by Federal Rule of Appellate Procedure 4(b). *See Santora,* 711 F.2d at 42. Reyes could have raised the same claim, however, in a motion to vacate sentence under Title 28, United States Code, section 2255—a civil action which falls under the sixty-day appeal period of Federal Rule of Appellate Procedure 4(a)(1). Reyes filed notice of appeal within this period. Therefore, mindful of the liberality accorded *pro se* filings, we elect to construe Reyes' ill-styled Rule 35 pleading as a request for relief under section 2255, *see United States v. Atkins,* 834 F.2d 426, 431 (5th Cir.1987), and address the merits of his contentions on appeal.

## III.

It is clear that as of November 1, 1987, district courts must impose a minimum term of supervised release for most violations of section 841(a)(1). *See* 21 U.S.C. § 841(b); *United States v. Byrd,* 837 F.2d 179, 180 (5th Cir.1988). The question before us, however, is whether the district court erred by imposing a term of supervised release for an offense committed before November 1, 1987 and, if so, whether it also erred by vacating the special parole term it originally imposed. We must answer both queries in the affirmative. As we explained in *Byrd,* prior to 1984, section

841(b) provided for the imposition of a special parole term on a convicted drug distributor. *Id.* On October 12, 1984, however, Congress amended section 841(b) by deleting specific, pre-existing references to special parole. Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 224(a), 1984 U.S.Code Cong. & Admin.News (98 Stat.) 1987, 2030. Initially, the Sentencing Reform Act of 1984 provided that the effective date of these deletions was to be November 1, 1986, but Congress later extended the effective date to November 1, 1987. *Byrd,* 837 F.2d at 181. Under the law in effect prior to 1984, special parole was expressly mandated for sentences imposed under subsections 841(b)(1)(A), 841(b)(1)(B), 841(b)(2), and 841(b)(5).

Also on October 12, 1984, however, Congress further amended section 841(b), in pertinent part, by adding new subsection (b)(1)(A) and by redesignating former subsections (b)(1)(A) and (b)(1)(B) as subsections (b)(1)(B) and (b)(1)(C), respectively. Controlled Substances Penalties Amendments Act of 1984, Pub.L. No. 98–473, § 502(1), 1984 U.S.Code Cong. & Admin. News (98 Stat.) 2068. New subsection 841(b)(1)(A) pertained to certain section 841(a)(1) convictions involving substantially larger amounts of drugs than those involved in Reyes' case; it provided for greater prison sentences and fines, but it did not mention a special parole term. *Id.* § 502(1)(A), 1984 U.S.Code Cong. & Admin. News (98 Stat.) at 2068. Therefore, after October 12, 1984, special parole terms were mandated for sentences imposed under subsections 841(b)(1)(B), 841(b)(1)(C), and 841(b)(2) but were not authorized for sentences under subsection 841(b)(1)(A).

These changes remained effective at least until October 27, 1986, when Congress once again amended section 841(b), in relevant part, by striking subsections 841(b)(1)(A) and 841(b)(1)(B), and by redesignating subsection 841(b)(1)(C) as 841(b)(1)(D). Narcotics Penalties and Enforcement Act of 1986, Pub.L. No. 99–570, § 1001, 1986 U.S.Code Cong. & Admin. News (100 Stat.) 3207–2. Congress also enacted new subsections 841(b)(1)(A),

841(b)(1)(B), and 841(b)(1)(C), each of which provides for mandatory supervised release. *Id.* § 1002(2), 1986 U.S.Code Cong. & Admin.News (100 Stat.) at 3207–2 and 3207–3.

■■■ Turning to the merits of Reyes' appeal, it is clear that the district court erred when it imposed a term of supervised release. As we explained in *Byrd*, Congress authorized supervised release only as a penalty for violations of section 841(a)(1) occurring after November 1, 1987. *Byrd*, 837 F.2d at 181; *see also United States v. Fernandez-Dilone*, 668 F.Supp. 245, 248 (S.D.N.Y.1987). Because Reyes committed his offense before that date, the imposition of supervised release was illegal. *Byrd*, 837 F.2d at 182. The question remains, however, whether the district court was authorized to impose a special parole term in the first instance. That inquiry requires an examination of the subsection of 841(b) under which Reyes was sentenced.

Relying on *United States v. Phungphiphadhana*, 640 F.Supp. 88 (D.Nev.1986), Reyes argues that the 1984 amendments eliminated special parole terms for violations of section 841(a)(1). In *Phungphiphadhana*, the defendant was convicted of distributing 3½ kilograms of heroin. That amount brought his sentence under the penalty provisions of subsection 841(b)(1)(A). Reyes, however, pleaded guilty to possessing less than fifty kilograms of marijuana, a crime punishable under subsection 841(b)(1)(C) at the time of the offense. To the extent that *Phungphiphadhana* implies that special parole terms are not provided as punishment for *any* violations of section 841(a)(1), *see* 640 F.Supp. at 88–89, we decline to follow it for it contradicts unambiguous statutory language.[2] Special parole was mandatory under subsection 841(b)(1)(C). Therefore, the district court erred when it vacated the special parole term it originally imposed.[3]

## IV.

For the foregoing reasons, we GRANT Reyes *in forma pauperis* status, VACATE the term of supervised release, and REMAND to the district court for resentencing.

■■■

2. We must also call attention to what appears to be a misprint in *Phungphiphadhana*. In its third paragraph, the district court in that case referred to subsection 841(b)(1)(B) as the relevant penalty provision for the defendant's crime. *Phungphiphadhana*, 640 F.Supp. at 88. In an earlier paragraph, however, the district court had noted that the defendant's punishment was prescribed by subsection 841(b)(1)(A). *Id.* As the latter was the appropriate penalty provision for 3½ kilograms of heroin, and as that section did not in fact authorize the imposition of a special parole term, we must conclude that the reference to subsection 841(b)(1)(B)—which did call for the imposition of a special parole term—was inadvertent.

3. While we need not, and most certainly do not, decide this issue in the instant case, the following question remains: Given the effect of the 1986 amendments to section 841(b), is a district court authorized to impose a special parole term for a section 841(a)(1) offense, committed between October 27, 1986 and November 1, 1987, that would have fallen within the ambit of deleted subsection 841(b)(1)(A)—which did not authorize special parole—but which now falls under one of the new subsections 841(b)(1)(A), (B) or (C)—which provide for supervised release? A district court could not impose supervised release for an offense committed before November 1, 1987. *Byrd*, 837 F.2d at 181–82. It is unclear, however, whether a district court could impose a special parole term under the circumstances described above. *Byrd* did not expressly decide this issue—presumably because the defendant's crime in that case would not have fallen under old subsection 841(b)(1)(A). Therefore, whether the district court was compelled to look to the law in effect prior to the 1986 amendments, or whether it was required to simply read "special parole" in place of "supervised release" where the terms appear in the amended section 841(b), a special parole term was appropriate in *Byrd*. As this issue is not implicated in the instant case and, as a result, has neither been briefed nor argued, its resolution must await another day when it is properly before this court.