UNITED STATES of America, Appellee,

v.

Herbert McDANIEL, Appellant.

No. 87–1070.

United States Court of Appeals, Eighth Circuit.

Submitted March 19, 1987.

Decided April 13, 1988.

Herbert McDaniel, pro se.

Thomas M. Larson, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, FAGG and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Herbert McDaniel appeals, pro se and in forma pauperis, the District Court's [1] denial of his motion, filed pursuant to Fed.R.Crim. P. 35(a), to correct an illegal sentence. We affirm.

On March 12, 1985, a jury convicted McDaniel for knowingly and intentionally distributing heroin and cocaine in violation of 21 U.S.C. § 841(a)(1) (1982) and 18 U.S.C. § 2 (1982). On April 5, 1985, McDaniel, a first-time offender, was sentenced to fifteen years imprisonment, a $75,000.00 fine, and a $50.00 special assessment. Additionally, a five-year special parole term was imposed. This Court affirmed his conviction, *see United States v. McDaniel*, 773 F.2d 242 (8th Cir.1985), and McDaniel filed a Rule 35(a) motion attacking the legality of the special parole term. The District Court denied that motion. The present appeal followed.

The sole issue properly before us is McDaniel's claim that, according to his reading of the applicable statutory penalty provision, the imposition of any special parole term was illegal. He was convicted for a drug offense occurring on October 12, 1984, hours after an amendment to 21 U.S.C. § 841(b) became effective. *See* Controlled Substances Penalties Amendments Act of 1984, pt. A, § 502, 98 Stat. 2068 (codified as amended at 21 U.S.C. § 841(b) (Supp. II 1984)). *See infra* at 536 n. 3. The amendments did not affect the "Unlawful acts" provisions in § 841(a), but did change the "Penalties" provisions under § 841(b) to impose more severe punishment for offenses involving higher quantities of controlled substances.

Specifically, before the amendments, § 841(b)(1)(A) set penalties for first-time violations of § 841(a) involving any quantity of the prohibited drugs at imprisonment up to fifteen years, a fine not to exceed $25,000, and a special parole term of at least three years. *See* 21 U.S.C. § 841(b) (1982). The "new" § 841(b)(1)(A) imposed enchanced penalties: imprisonment up to twenty years, and a fine not to exceed $250,000 for first-time offenses involving, *inter alia*, one kilogram or more of cocaine. The special parole term was deleted from this section. However, the "new" § 841(b)(1)(B) retained the special parole term, and set maximum penalties at fifteen years imprisonment and $125,000 for first-time offenses involving, *inter alia*, less than one kilogram of cocaine.[2]

■ McDaniel asserts that any special parole term was illegal because "appellant was indicted and sentenced under the 'old' 1970 21 U.S.C. § 841(b)(1)(A) and not the 'new' 1984 21 U.S.C. § 841(b)(1)(B) as [the District Court] now claims." Brief for Defendant–Appellant at 4. As is obvious from the texts of these statutes, McDaniel's claim for vacation of the special parole term is without merit, because such a term was legal—indeed it was required—under both the "old" § 841(b)(1)(A) and the "new" § 841(b)(1)(B). The special parole term was prohibited only under the "new" § 841(b)(1)(A), and neither the government nor McDaniel argues that that provision applied, since the quantity of drugs involved in McDaniel's offense was less than one kilogram.[3] The District Court correct-

---

1. The Honorable Scott O. Wright, Chief Judge for the United States District Court for the Western District of Missouri.

2. One of our recent cases, *United States v. Wood*, 834 F.2d 1382, 1388 (8th Cir.1987), has resolved for this Court a split in the circuits regarding sentence enhancement in drug cases. *Wood* holds that under § 841(b)(1)(A), with its stiffer penalties for higher volumes of con-

trolled substances, the quantity of the prohibited drug is not an element of a separate offense.

3. Today, all special parole terms have been deleted from the drug laws. *See* Sentencing Reform Act of 1984, § 224, 98 Stat. 1987, 2030 (codified as amended at 21 U.S.C. § 841(b) (Supp. II 1984) and further amended by Narcotics Penalties and Enforcement Act of 1986, § 1002, 100 Stat. 3207–2, to be codified at 21 U.S.C. § 841(b)). These amendments do not

ly ruled that McDaniel was properly sentenced under § 841(b)(1)(B).

In arguing that any special parole term was illegal, McDaniel cites *United States v. Phungphiphadhana*, 640 F.Supp. 88, 89 (D.Nev.1986), in which the defendant's special parole term was struck as illegal. This case is inapposite. Phungphiphadhana was convicted of wilfully and knowingly distributing three and one-half kilograms of heroin, making the enhanced penalty provisions of § 841(b)(1)(A) mandatory. Those provisions did not provide for special parole terms.

■ McDaniel also relies upon a case from the Western District of Missouri in which the court struck a special parole term imposed for a drug violation occurring a few days after the 1984 amendments became effective. *United States v. Garner*, Order, No. 85–0029–01–CR–W–8 (W.D. Mo.1986). This is an unpublished decision. As such, its citation violates our rules. *See* 8th Cir.R. 3(i).[4] We recognize, of course, that McDaniel is proceeding without the assistance of counsel and that allowances must be made for pro se litigants. At the same time, we emphasize that Rule 8(i) makes no exception for pro se litigants. Instead, it clearly provides that "No party" may cite an unpublished opinion. We serve notice that all parties are expected to comply with Rule 8(i), and that it is and will continue to be our practice to ignore opinions cited in violation of that rule. In any event, *Garner* gives McDaniel no help. First, the dispute in *Garner* was whether the sentence fell under the "new" § 841(b)(1)(A), which prohibited special parole terms, or the "new" § 841(b)(1)(B), which did not. More importantly, the government in *Garner* conceded that Garner's special parole term should be vacated, a concession the government now says was erroneous.

Finally, at the conclusion of McDaniel's brief to this Court, he asks for the first time that his fine be modified from $75,000 to $25,000. We do not consider this claim because it was not raised before the District Court.

The District Court's denial of McDaniel's Fed.R.Crim.P. 35(a) motion is affirmed.

---

affect our analysis, as they became effective November 1, 1987 (the effective date of the Sentencing Guidelines), more than two years after McDaniel was sentenced. *See* note following 21 U.S.C. § 841(b) (Supp. III 1985).

4. "No party may cite an opinion that was not intended for publication by this or any federal or state court, except when the cases are related by virtue of an identity between the parties or the causes of action." 8th Cir.R. 8(i).