UNITED STATES of America,
Plaintiff/Appellee,

v.

Thomas GARCIA, Defendant/Appellant.

No. 88–1270.

United States Court of Appeals,
Tenth Circuit.

July 17, 1989.

Michael J. Norton, Acting U.S. Atty., Kathryn Meyer, Asst. U.S. Atty., and William D. Welch, Asst. U.S. Atty., Dist. of Colo., Denver, Colo., for plaintiff/appellee.

Thomas R. Garcia, Terre Haute, Ind., pro se.

Before ANDERSON, BARRETT and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Appellant Thomas R. Garcia pleaded guilty to two counts of knowingly and intentionally possessing and distributing a controlled substance in violation of 21 U.S.C. § 841(a). One of the counts involved 5.3 grams of heroin; the other involved 4.6 grams. R. Supp. Vol. II at 5–6. The offenses were committed on March 25, 1986 and March 28, 1986 respectively. *Id.* at 4. On October 3, 1986 he was sentenced to two ten-year concurrent terms of incarceration to be followed by two ten-year concurrent terms of special parole. On January 15, 1988, the defendant filed a motion pursuant to the former Rule 35(a) of the Federal Rules of Criminal Procedure to correct an illegal sentence.[1] On February 1, 1988, the district court, in a minute order, denied Garcia's motion. From that denial Garcia appeals.[2]

Garcia argues that the portions of his sentence requiring him to serve a term of special parole are illegal. In support of his argument he cites *United States v. Phungphiphadhana,* 640 F.Supp. 88 (D.Nev.1986) and various 1984 amendments to the penalties section of 21 U.S.C. § 841 which deleted the mandatory special parole provisions.

In order to address Garcia's arguments a brief discussion of the history of the penalty provisions of 21 U.S.C. § 841 is warranted. Prior to October 12, 1984, the penalty for any first time violation of § 841(a) for any quantity of drugs was a term of imprisonment of up to fifteen years, a fine of up to $25,000, and a mandatory term of special parole of at least three years. *See* 21 U.S.C. § 841(b)(1)(A) (1981). On October 12, 1984, Congress deleted the references to the special parole terms from § 841(b). Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 224(a), 1984 U.S.Code Cong. & Admin. News (98 Stat.) 1987, 2030. These changes were initially to become effective on November 1, 1986, *id.* at 2031, but Congress later extended the effective date to November 1, 1987. Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 1985 U.S.Code Cong. & Admin. News (99 Stat.) 1728. *See also United States v. De Los Reyes,* 842 F.2d 755, 757 (5th Cir.1988).

However, section 841(b) was further amended on October 12, 1984 by the Controlled Substances Penalties Amendments Act of 1984, Pub.L. No. 98–473, § 502(1), 1984 U.S.Code Cong. & Admin. News (98 Stat.) 2068, which redesignated "old" § 841(b)(1)(A) and (B) as "new" § 841(b)(1)(B) and (C) respectively, and enacted a "new" § 841(b)(1)(A). *See also United States v. Ward,* 696 F.Supp. 247 (W.D.Tex.1988). The redesignation, however, had no effect on the effective date of the deletion of the special parole provision in the "new" § 841(b)(1)(B). The "new" § 841(b)(1)(A) provided for increased penalties for first time offenses involving, *inter alia,* one kilogram or more of a mixture of substance containing a detectable amount of heroin, but did not provide for or even make reference to a special parole term. *See United States v. McDaniel,* 844 F.2d 535, 536 (8th Cir.1988). Because no effective date was given for the "new" § 841(b)(1)(A) it became effective on its enactment date, October 12, 1984. *United States v. Ward,* 696 F.Supp. at 248. In the words of the *De Los Reyes* court:

---

1. Rule 35 was amended by the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 215(b), 1984 U.S.Code Cong. & Admin. News (98 Stat.) 1987, 2015–16. However, these amendments do not apply to offenses committed prior to November 1, 1987.

2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

"Therefore, after October 12, 1984, special parole terms were mandated for sentences imposed under subsections 841(b)(1)(B), 841(b)(1)(C), and 841(b)(2) but were not authorized for sentences under subsection 841(b)(1)(A).

These changes remained effective at least until October 27, 1986 [when, *inter alia,* provisions for supervised release were enacted as a penalty for violations of § 841(a)(1) occurring after November 1, 1987.]"

*United States v. De Los Reyes,* 842 F.2d at 757. *See also United States v. Easton,* 688 F.Supp. 1413, 1415 (N.D.Cal.1988); *United States v. Sanchez,* 687 F.Supp. 1254, 1256 (N.D.Ill.1988).

In light of the above discussion it is clear that the district court did not err in denying Garcia's rule 35 motion. Garcia committed the offenses in March of 1986 and was sentenced on October 3, 1986 for two counts of possessing and distributing heroin in amounts of much less than one kilogram. Therefore, Garcia could not have been sentenced under § 841(b)(1)(A) and must have been sentenced under § 841(b)(1)(B). A term of special parole was not only legal but was indeed mandated by the applicable sentencing provisions of § 841(b)(1)(B) in effect at the time the offenses were committed. *United States v. Posner,* 865 F.2d 654, 660 (5th Cir.1989); *United States v. De Los Reyes,* 842 F.2d at 757–58.

Garcia's reliance on *United States v. Phungphiphadhana,* 640 F.Supp. 88, is misplaced.[3] In *Phungphiphadhana* the defendant was convicted of willfully and knowingly distributing 3.5 kilograms of heroin, mandating the application of the penalty provisions in "new" § 841(b)(1)(A), which did not include a term for special parole. Because a term of special parole was given, the court granted defendant's rule 35 motion to correct an illegal sen-

tence, citing *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). We agree with the Fifth and Eighth Circuits that *Phungphiphadhana* is not applicable to cases in which the defendant was sentenced under the "new" § 841(b)(1)(B) or (C) and not the "new" § 841(b)(1)(A). *See United States v. De Los Reyes,* 842 F.2d at 758; *United States v. McDaniel,* 844 F.2d at 537. *See also United States v. Ward,* 696 F.Supp. at 249; *United States v. Sanchez,* 687 F.Supp. at 1255, 1257.

Accordingly, we AFFIRM the district court's denial of Garcia's Rule 35 motion.

---

**3.** Garcia also cites an unpublished order from the Western District of Missouri which struck down a special parole term. *United States v. Garner,* No. 85–0029–01–CR–W–8 (W.D.Mo. 1986). Even if we assumed that the citation of an unpublished order was proper this order is nonetheless not on point. The dispute in *Gar-*

*ner* was whether the sentence fell under the "new" § 841(b)(1)(A) or the "new" § 841(b)(1)(B). And more importantly the government conceded that the defendant was entitled to the relief he sought. *See United States v. McDaniel,* 844 F.2d at 537.