881 F.2d 1076
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edgar GOMEZ-VIGIL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 88-2289, 89-1503.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1989.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and HENRY R. WILHOIT, Jr., District Judge.*
 
 ORDER
 
 2
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Edgar Gomez-Vigil moves for appointment of counsel and for the court to strike the appellee's brief, and appeals from the district court's judgment denying his 28 U.S.C. Sec. 2255 motion to vacate sentence and dismissing the action with prejudice. Following a jury trial, Gomez-Vigil was found guilty of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846 (count one), distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1)(3) (count two), and distribution of marijuana in violation of 21 U.S.C. Sec. 841(a)(1)(3) (count three). He received the following sentence: on count one, he was ordered to pay a $5,000 fine with a $50 special assessment fee; on count two, he was sentenced to five years plus three years special parole, with a $5,000 fine and a $50 special assessment fee. The sentence in count two is to run consecutive to the sentence imposed in count one. On count three, he was sentenced to three years plus three years special parole, and he was ordered to pay a $5,000 fine and a $50 special assessment fee. The sentences of imprisonment were to run consecutively, and the special parole terms were to run concurrently.
 
 
 4
 Gomez-Vigil claimed that the court erred when it imposed a special parole term as part of his sentence, and that he was given multiple punishments unconstitutionally.
 
 
 5
 Gomez-Vigil filed motions to vacate sentence and for admission to probation. The district court denied the motion to vacate as there was no special parole term imposed as to the conspiracy count, and it denied his motion for admission to probation because it was untimely and meritless.
 
 
 6
 On appeal, Gomez-Vigil claims that he should not have been sentenced to a special parole term.
 
 
 7
 Upon consideration, we affirm the denial of the motion to vacate sentence because Gomez-Vigil failed to demonstrate that his criminal proceedings were "inconsistent with the rudimentary demands of fair procedure." See United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).
 
 
 8
 The offense of distributing cocaine in the second count of Gomez-Vigil's conviction involved "approximately one kilogram" of cocaine. Because cocaine is a Schedule II narcotic controlled substance, we take this to mean that his violation of 21 U.S.C. Sec. 841(a)(1) involved "a kilogram or more of any other controlled substance in schedule I or II which is a narcotic drug," as defined by 21 U.S.C. Sec. 841(b)(1)(A)(ii), as it stood at the time of the commission of Mr. Gomez-Vigil's offense. See Pub.L. No. 98-473, Sec. 502, 1984 U.S.Code Cong. & Admin.News 1837, 2068.
 
 
 9
 21 U.S.C. Sec. 841(b)(1)(A) did not authorize the imposition of special parole terms at that time. United States v. De Los Reyes, 842 F.2d 755, 757 (5th Cir.1988) ("[A]fter October 12, 1984, special parole terms were mandated for sentences imposed under subsections 841(b)(1)(B), 841(b)(1)(C), and 841(b)(2) but were not authorized for sentences under subsection 841(b)(1)(A).... These changes remained effective at least until October 27, 1986....") Therefore, the sentence on this count must be vacated insofar as it imposed a special parole term.
 
 
 10
 The third count of Gomez-Vigil's conviction involved approximately 65 kilograms of marijuana, a Schedule I non-narcotic controlled substance. The sentencing of Mr. Gomez-Vigil for this count was controlled by Sec. 841(b)(1)(B). As in effect between April and May of 1986, that section mandated the imposition of a three-year special parole term. The sentence on count three was to run concurrent with the sentence on the second count, so Mr. Gomez-Vigil will receive no reduction in the length of his overall sentence as a result of our vacating the special parole term to which he was sentenced on the second count.
 
 
 11
 The motions for counsel and to strike the appellee's brief are denied, and the district court's judgment is hereby affirmed in part and vacated in part pursuant to Rule 9(b)(5) of the Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation