The UNITED STATES of America

v.

William ARIAS.

No. CR–87–190E.

United States District Court,
W.D. New York.

Oct. 20, 1989.

Joseph Guerra, Asst. U.S. Atty., Buffalo, N.Y., for plaintiff.

Norman Effman, Buffalo, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

The above named individual ("the defendant") was sentenced June 17, 1988 pursuant to 21 U.S.C. § 841(b)(1)(B), as presently

---

operative, to seven years' imprisonment plus four years of supervised release. He had pled guilty to possessing, with the intent to distribute, 500 grams or more of a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The defendant moved for correction of his sentence—*see* Fed.R.Crim.P. rule 35—and this Court granted the motion in part, vacating the term of supervised release and imposing instead a three-year term of special parole. It was found that the original imposition of a period of supervised release had been in error inasmuch as the statutory amendment to section 841 inaugurating the penalty of supervised release did not become effective until November 1, 1987, some eleven days after the date of the defendant's crime. Memorandum and Order, dated November 3, 1988, at pp. 3–4.

Presently, the defendant has filed a second motion for correction of his sentence, contending this time that the special parole term of his corrected sentence is unlawful because, he says, on the date of his offense—October 21, 1987—there was no provision for either supervisory release or special parole applicable to his conduct.

Consideration of the instant motion requires an examination of the history of 21 U.S.C. § 841.[1] The statute was first enacted in 1970 and subsection 841(a) thereof, the "unlawful acts" provision, has remained substantively unaltered to the present day. *See* Pub.L. No. 91–513, Title II, § 401, 84 Stat. 1236, 1260. By contrast, subsection 841(b), the statute's "penalties" provision, has lately been subject to various amendments. Prior to 1984, a special parole term was expressly mandated for sentences imposed under subsections 841(b)(1)(A), 841(b)(1)(B), 841(b)(2) and 841(b)(5). But that year the statute was amended by the deletion of references to special parole. Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 224(a), 98 Stat.

1987, 2030. These amendments were scheduled to take effect November 1, 1986, but their effective date was later postponed to November 1, 1987. Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728.

Also in 1984, subsection 841(b) was further amended by the addition of a new subsection 841(b)(1)(A) and the redesignation of former subsections 841(b)(1)(A) and 841(b)(1)(B) as 841(b)(1)(B) and 841(b)(1)(C), respectively. Controlled Substances Penalties Amendments Act of 1984, Pub.L. No. 98–473, § 502(1), 98 Stat. 2068. New subsections 841(b)(1)(B) and 841(b)(1)(C) mandated special parole terms, but new subsection 841(b)(1)(A) did not authorize the imposition of a special parole term. *Ibid.* No effective date was provided for these amendments, and hence they became effective upon their enactment October 12, 1984. *See ibid.*

In 1986, further amendments to subsection 841(b) were made by striking the references to "special parole term" each place they appeared and inserting "term of supervised release" instead. Narcotics Penalties and Enforcement Act of 1986, Pub.L. No. 99–570, §§ 1004(a), 1005(a)(2), 100 Stat. 3207, 3207–6. Subsections 841(b)(1)(A) and 841(b)(1)(B) were removed and subsection 841(b)(1)(C) was redesignated 841(b)(1)(D). New subsections 841(b)(1)(A), 841(b)(1)(B) and 841(b)(1)(C) were added, each of which provided for a term of supervised release. *Id.*, §§ 1001, 1002(2), 100 Stat. 3207–2, 3207–3. The 1986 amendments took effect on the effective date of the Sentencing Reform Act of 1984, 18 U.S.C. § 3583, which was November 1, 1987.[2] *Ibid.; see* Pub.L. No. 98–743, § 235, 98 Stat. 2031, *as amended,* Pub.L. No. 99–217, § 4, 99 Stat. 1728 (effective date of 18 U.S.C. § 3583).

The defendant's offense, as already recognized—*see* Memorandum and Order, *supra,* at pp. 3–4 ——, took place prior to the effective date of the 1986 amendments sub-

---

1. This Court has relied in part on the excellent discussions of the statute's legislative history contained in *U.S. v. Byrd,* 837 F.2d 179, 180–181 (5th Cir.1988), *U.S. v. De Los Reyes,* 842 F.2d 755, 757 (5th Cir.1988) and *U.S. v. McDaniel,* 844 F.2d 535 (8th Cir.1988).

2. Congress was aware of its 1984 amendments at the time of the 1986 amendments and deliberately chose not to limit their effectiveness. *U.S. v. Fernandez–Dilone,* 668 F.Supp. 245, 248 (S.D. N.Y.1987).

stituting supervisory release for special parole. The question presently posed by the defendant is that expressly left undecided by the court in *U.S. v. De Los Reyes*, 842 F.2d 755 (5th Cir.1988), at 758 fn. 3:

"Given the effect of the 1986 amendments to section 841(b), is a district court authorized to impose a special parole term for a section 841(a)(1) offense, committed between October 27, 1986 and November 1, 1987, that would have fallen within the ambit of deleted subsection 841(b)(1)(A)—which did not authorize special parole—but which now falls under one of the new subsections 841(b)(1)(A), (B) or (C)—which provide for supervised release?"

The defendant asserts that, although he was nominally sentenced under 21 U.S.C. § 841(b)(1)(B), his October 21, 1987 offense was in fact governed by the then-operative subsection 841(b)(1)(A), which does not authorize either a special parole term or a term of supervised release.[3]

This Court disagrees. Subsection 841(b)(1)(A), as applicable to offenses committed between October 27, 1986 and November 1, 1987, governs violations of section 841(a) involving

"(i) 100 grams or more of a controlled substance in schedule I or II which is a mixture or substance containing a detectable amount of a narcotic drug *other than* a narcotic drug consisting of—

"(I) coca leaves;

"(II) a compound, manufacture, salt, derivative, or preparation of coca leaves; or

"(III) a substance chemically identical thereto;

"(ii) a kilogram or more of any other controlled substance in schedule I or II which is a narcotic drug;

"(iii) 500 grams or more of phencyclidine (PCP); or

"(iv) 5 grams or more of lysergic acid diethylamide (LSD)." [Emphasis added].

Its provisions relate to convictions involving threshold quantities of certain illicit drugs (but not others) and provides for greater prison sentences and fines than its companion subsections 841(b)(1)(B) and 841(b)(1)(C), which apply to convictions involving unspecified quantities of schedule I or II controlled substances.[4]

In this case, the defendant was convicted of possessing, with intent to distribute, 500 or more grams of a substance containing cocaine, a schedule II controlled substance. Although the threshold quantity of "100 grams or more" for invoking former subsection 841(b)(1)(A) is thus satisfied—*compare U.S. v. McDaniel*, 844 F.2d 535, 536 (8th Cir.1988) (quantity of drugs involved insufficient to meet threshold for dispensing with special parole)—, coca leaves or a "compound, manufacture, salt, derivative, or preparation of coca leaves" or its chemical equivalent is specifically excepted from the enhanced sentencing provisions of such subsection. Thus, former subsection 841(b)(1)(B), governing sentencing for convictions involving schedule II controlled narcotic substances, is applicable to the defendant's offense. *See U.S. v. Brundage*, 709 F.Supp. 10 (D.D.C.1989) (applying former subsection 841(b)(1)(B) to an offense of possession of 500 or more grams of cocaine committed April 23, 1987). Inasmuch as such subsection mandates the imposition of a special parole term, the defendant's sentence, as already corrected, is appropriate, and this Court need not reach the unanswered question postulated by the court in *U.S. v. De Los Reyes* and reiterated hereinabove.

---

**3.** The defendant relies on the decision in *United States v. Phungphiphadhana*, 640 F.Supp. 88 (D.Nev.1986), which holds that no special parole term is provided for under 21 U.S.C. § 841(b)(1)(A), as operative between October 27, 1986 and November 1, 1987, but which may be read to imply that special parole was unavailable under former subsections 841(b)(1)(B) and 841(b)(1)(C) as well. To the extent it does the latter, this Court "decline[s] to follow it for it contradicts unambiguous statutory language." *U.S. v. De Los Reyes, supra,* at 758 & fn. 2 (criticizing *United States v. Phungphiphadhana* ).

**4.** Former subsection 841(b)(1)(B) governs convictions involving narcotic drugs, former subsection 841(b)(1)(C) governs convictions involving non-narcotic drugs.

Accordingly, it is hereby ORDERED that the defendant's motion for further correction of his corrected sentence is denied.