889 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael TAUBEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3335.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1989.
 
 1
 Before KRUPANSKY and RYAN, Circuit Judges, and JAMES P. CHURCHILL, Chief District Judge.*
 
 ORDER
 
 2
 Michael Tauben, a pro se federal prisoner, appeals the denial of his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Tauben was convicted following a jury trial of conspiracy to distribute cocaine, three counts of distribution of cocaine, four counts of use of a telephone to facilitate distribution, and four counts of interstate travel to promote distribution. He received a sentence of fifteen years imprisonment on the conspiracy count, five years plus three years special parole on each distribution count, and two years on each remaining count; all the sentences are to run concurrently. In his motion to vacate, Tauben argued that the substantive counts were used as proof of overt acts of the conspiracy count, and that therefore the sentences on those counts amounted to a double jeopardy violation. He also argued that his special parole term should not commence at the end of his sentence for conspiracy, but must be somehow "anchored" to his sentences on the distribution counts, and that his sentence in general was unduly harsh.
 
 
 4
 Upon consideration, we conclude that Tauben's motion was properly denied. Review of the indictment shows that the conspiracy count was based on a separate overt act of distribution from those alleged in the remaining counts. The argument regarding the commencement of the special parole term is totally frivolous, as special parole obviously must commence at the completion of all the terms of imprisonment. Tauben has abandoned his claim of undue severity of his sentence on appeal, therefore it is unreviewable. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Tauben has also raised the argument that special parole was not appropriate on the distribution counts. This court need not address arguments not raised in the district court. Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987). Moreover, the argument is meritless, as Tauben committed the distribution crimes prior to October 12, 1984, when special parole was authorized for such offenses. See United States v. De Los Reyes, 842 F.2d 755, 757 (5th Cir.1988).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation