891 F.2d 292
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip FRIED, Defendant-Appellant.
 No. 89-5054.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1989.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Phillip Fried appeals from the district court's order denying his Fed.R.Crim.P. 35 motion to correct sentence.
 
 
 3
 Fried claimed that the district court improperly imposed a special parole term for his conviction under count 7 of the indictment because no special parole term was authorized for this crime. After the defendant filed a response and Fried filed a reply, the district court denied the motion, but did not state its reasons for doing so.
 
 
 4
 Fried raises the same arguments on appeal. The United States has filed a motion to remand, as it now concedes that the special parole term was improperly imposed.
 
 
 5
 Upon consideration, we conclude that the district court's order should be vacated and the case remanded as the district court erroneously imposed a special parole term for the crime of which Fried was found guilty in count 7 of the indictment, namely unlawful possession with intent to distribute approximately one kilogram of cocaine in July 1986 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.
 
 
 6
 The offense of distributing cocaine involved approximately one kilogram of cocaine. Because cocaine is a Schedule II narcotic controlled substance, Fried's violation of 21 U.S.C. § 841(a)(1) involved "a kilogram or more of any other controlled substance in schedule I or II which is a narcotic drug," as defined by 21 U.S.C. § 841(b)(1)(A)(ii), as it stood at the time of the commission of Fried's offense. See Pub.L. No. 98-473, § 502, 1984 U.S.Code Cong. & Admin.News 1837, 2068.
 
 
 7
 21 U.S.C. § 841(b)(1)(A) did not authorize the imposition of special parole terms at that time. United States v. De Los Reyes, 842 F.2d 755, 757 (5th Cir.1988) ("[A]fter October 12, 1984, special parole terms were mandated for sentences imposed under subsections 841(b)(1)(B), 841(b)(1)(C), and 841(b)(2) but were not authorized for sentences under subsection 841(b)(1)(A).... These changes remained effective at least until October 27, 1986....") Therefore, the sentence on this count must be vacated insofar as it imposed a special parole term.
 
 
 8
 For these reasons, and in light of the government's concession that no special parole term was authorized for the crime of which Fried was found guilty in count 7 of the indictment, the motion to remand is granted, the district court's order imposing a special parole term on Fried's conviction under count 7 of the indictment is vacated, and the case is hereby remanded for further proceedings consistent with this order. Rule 9(b)(6), Rules of the Sixth Circuit.