914 F.2d 1492
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard GIBSON, Defendant-Appellant.
 No. 90-7327.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1990.
Decided Sept. 24, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR No. 84-242-A).
 Bernard Gibson, appellant pro se.
 Clarence Hollan Albright, Jr., Office of the United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 REVERSED.
 PER CURIAM:
 
 
 1
 Bernard Gibson appeals from the district court's order denying his Fed.R.Crim.P. 35(a) motion for correction of sentence. Pursuant to a stipulation of facts, Gibson was convicted of possession with intent to distribute 143.99 grams of heroin, a Schedule I narcotic controlled substance. The offense occurred on November 14, 1984. Gibson was sentenced to twenty years imprisonment and a special parole term of three years.
 
 
 2
 Gibson claims he was sentenced under 21 U.S.C. Sec. 841(b)(1)(A), which did not authorize a special parole term at the time he committed the offense. In denying his motion, the district court stated that it sentenced Gibson under Sec. 841(b)(1)(B), which did authorize a special parole term.
 
 
 3
 In November 1984, the penalty provisions of Sec. 841 provided in relevant part as follows:
 
 
 4
 (b) Penalties
 
 
 5
 Except as otherwise provided in section 845 or 845a of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
 
 
 6
 (1)(A) In the case of a violation of subsection (a) of this section involving--
 
 
 7
 (i) 100 grams or more of a controlled substance in schedule I or II which is a mixture or substance containing a detectable amount of a narcotic drug other than a narcotic drug consisting of--
 
 
 8
 (I) coca leaves;
 
 
 9
 (II) a compound, manufacture, salt, derivative, or preparation of coca leaves; or
 
 
 10
 (III) a substance chemically identical thereto;
 
 
 11
 (ii) a kilogram or more of any other controlled substance in schedule I or II which is a narcotic drug;
 
 
 12
 (iii) 500 grams or more of a phencyclidine (PCP); or
 
 
 13
 (iv) 5 grams or more of lysergic acid diethylamide (LSD);
 
 
 14
 such person shall be sentenced to a term of imprisonment of not more than 20 years, a fine of not more than $250,000, or both. If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of a State, the United States, or a foreign country relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 40 years, a fine of not more than $500,000, or both.
 
 
 15
 (B) In the case of a controlled substance in schedule I or II except as provided in subparagraphs (A) and (C), such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $125,000, or both. If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of a State, the United States, or a foreign country relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 30 years, a fine of not more than $250,000, or both. Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment.
 
 
 16
 (Footnotes omitted.)
 
 
 17
 Because Gibson's offense involved more than 100 grams of heroin (a schedule I substance), the proper sentencing provision was Sec. 841(b)(1)(A), which did not authorize a special parole term. Section 841(b)(1)(B) applied only to those Schedule I and II drugs not specifically punished by Sec. 841(b)(1)(A). A special parole term was thus improperly applied. See United States v. De Los Reyes, 842 F.2d 755 (5th Cir.1988); United States v. Barkley, 729 F.Supp. 37 (W.D.N.C.1990); United States v. Phungphiphadhana, 640 F.Supp. 88 (D.Nev.1986). Cf. Bifulco v. United States, 447 U.S. 381 (1980).
 
 
 18
 We therefore reverse the district court's ruling that the special parole term was legally imposed and, pursuant to our authority under 28 U.S.C. Sec. 2106, modify Gibson's sentence to reflect that the three-year special parole term has been stricken. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 REVERSED