**UNITED STATES of America,**
**Plaintiff/Respondent,**

v.

**Dannie BILLINGS,**
**Defendant/Petitioner.**

**Crim. A. No. 87–CR–240.**

United States District Court,
D. Colorado.

Oct. 17, 1990.

Michael J. Norton, U.S. Atty., James P. Moran, Asst. U.S. Atty., Denver, Colo., for plaintiff/respondent.

Dannie Billings, Sandstone, Minn., defendant/petitioner pro se.

### ORDER AMENDING SENTENCE

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on Dannie Billings ("Billings") motion under 28 U.S.C. § 2255 to dismiss part of an imposed sentence. For the reasons below, the judgment and order of sentence, filed January 11, 1988, commanding "... defendant serve a period of supervised release for four years" is hereby AMENDED to read, "[i]t is further ordered that the defendant serve a period of special parole for two years." The remainder of the judgment and order is not affected.

### I.

On June 16, 1987, Billings was arrested for possession with intent to distribute a controlled substance (cocaine) in violation of 21 U.S.C. § 841(a)(1) and resisting arrest in violation of 18 U.S.C. § 111. A two-count indictment was handed down on August 14, 1987. Pursuant to a plea agreement, Billings plead to the drug count,

while the government agreed to dismiss the charge of resisting arrest.

On December 18, 1987, Billings was sentenced under 21 U.S.C. § 841(b)(1)(B).[1] He received a six-year term of imprisonment, followed by a four-year term of supervised release. Petitioner is currently serving his six-year sentence in Sandstone, Minnesota.

### II.

In 1970, the Comprehensive Drug Abuse Prevention and Control Act was passed. It provided for imposition of special parole terms for convicted drug distributors. Pub.L. No. 91–513, § 401(b), 84 Stat. 1236, 1261–62 (1970). On October 12, 1984, the Act was amended. The Sentencing Reform Act of 1984 deleted reference to special parole terms. Pub.L. No. 98–473, § 502, 98 Stat. 1976, 2068 (1984). The effective date of this change was November 1, 1986, *Id.* at § 235(a)(1), 98 Stat. at 2031, but in 1985, Congress moved the effective date to November 1, 1987. Sentencing Reform Amendments Act of 1985, Pub.L. 99–217, § 4, 99 Stat. 1728 (1985).

On October 27, 1986, further modifications were completed. Rather than deleting mention to special parole terms, the amendments provided for imposition of a term of supervised release following incarceration. Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, §§ 1002, 100 Stat. 3207, 3207–2 (1986). However, the drafters did not include an effective date. Normally, statutes without effective dates are presumed to be effective on the date of passage. *United States v. Affleck*, 765 F.2d 944, 948 (10th Cir.1985); *Miami Int'l Realty Co. v. Town of Mt. Crested Butte*, 607 F.Supp. 448, 451 (D.Colo.1985). In this case, the presumption has been rebutted.

Section 1004 of the 1986 Act replaced the phrase "special parole term" with "term of supervised release" wherever it appeared in the statute. More importantly, § 1004 expressly tied the effective date of the aforementioned amendments to the date

1. Sentence was imposed by the Honorable John L. Kane, United States District Court Judge for the District of Colorado.

that the 1986 Act became effective, November 1, 1987. Pub.L. No. 99–570, §§ 1004(a), 1005(a)(2), 100 Stat. 3207, 3207–6. As such, the court is persuaded that Congress intended to effectuate concept of supervised release only after the concept of the special parole terms were abolished when the Sentencing Reform Act went into effect on November 1, 1987.[2] *United States v. Levario*, 877 F.2d 1483, 1489 (10th Cir.1989).[3] *Levario* did address a sentencing under § 841(b)(1)(A). Billings was sentenced under § 841(b)(1)(B). However, the Tenth Circuit in *Levario* explicitly relied upon sister circuits rulings that dealt with § 841(b)(1)(B) and recognized that the analysis for either subsection was identical. *Id.*

We are persuaded that a term of supervised release could not be imposed for a crime committed before November 1, 1987. *Id.* Billings committed the relevant crime almost six months before this date. Hence, the court is bound to follow the former law. *United States v. Garcia*, 879 F.2d 803, 805 (10th Cir.1989); *Smith*, 840 F.2d at 890.

At the time of the crime, 21 U.S.C. § 841(b)(1)(B) provided, in pertinent part, that "[a]ny sentence imposing a term of imprisonment under this paragraph *shall*, in the absence of such a prior conviction [previous convictions under this paragraph, any felony convictions under subchapter II of this chapter, or any drug convictions from another State, the United States or a foreign country], impose a special parole term of at least 2 years in addition to such term of imprisonment...." 21 U.S.C. § 841(b)(1)(B) (1982) (emphasis added).

This subsection mandates the imposition of a term of special parole. *Garcia*, at 805. As such, since Billings does not have any prior convictions of the sort covered in the statute, the judgment and order of sentence is amended to state, "[i]t is further ordered that defendant serve a period of special parole for two years."

### III.

ACCORDINGLY IT IS ORDERED the judgment and order of sentence, filed January 11, 1988, commanding "... defendant serve a period of supervised release for four years" is hereby AMENDED to read, "[i]t is further ordered that the defendant serve a period of special parole for two years." The remainder of the judgment and order is not affected.

---

2. The circuits are divided on this point. When deciding *Levario,* the tenth circuit adopted the reasoning of the fourth, fifth, eighth, and eleventh circuits. *United States v. Portillo,* 863 F.2d 25, 26–27 (8th Cir.1988); *United States v. Whitehead,* 849 F.2d 849, 860 (4th Cir.) *cert. denied,* 488 U.S. 983, 109 S.Ct. 534, 102 L.Ed.2d 566 (1988), *United States v. Smith,* 840 F.2d 886, 889–90 (11th Cir.), *cert. denied,* 488 U.S. 859, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988); *United States v. Byrd,* 837 F.2d 179, 181–82 (5th Cir.1988). The first, third, ninth, and District of Columbia circuits have held that the effective date of the statute should be the date of passage, October 27, 1986. *United States v. Brundage,* 903 F.2d 837 (D.C.Cir.1990), *petition for cert. filed* (Aug. 8, 1990); *United States v. Figueroa,* 898 F.2d 825,

826–28 (1st Cir.1990); *United States v. Gozlon–Peretz,* 894 F.2d 1402, 1404 (3d Cir.) *cert. granted,* —— U.S. ——, 110 S.Ct. 3212, 110 L.Ed.2d 660 (1990); *United States v. Torres,* 880 F.2d 113, 115 (9th Cir.1989); *cert. denied,* —— U.S. ——, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990). This court is bound by the Tenth Circuit's decision in *Levario.*

3. The court notes that neither party cited *United States v. Levario,* a case that is controlling in this jurisdiction. Adequate research would have led to the retrieval of this persuasive opinion and satisfied the obligation to inform the tribunal of its existence. *See* Colorado Code of Professional Responsibility DR 7–102(A)(5) and Ethical Consideration 7–23 (1990).