UNITED STATES of America

v.

Larry DeJOHNETTE.

No. 85 CR 292–2.

United States District Court, N.D. Illinois, E.D.

Jan. 3, 1991.

Fred Foreman, U.S. Atty. by Robert L. Michels, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Larry DeJohnette, pro se.

## ORDER

BUA, District Judge.

Pursuant to Fed.R.Crim.P. 35(a), defendant Larry DeJohnette has filed a motion for correction of illegal sentence. DeJohnette attacks the legality of the sentence imposed by this court on August 14, 1985. Rule 35(a), as applied to offenses committed prior to November 1, 1987, authorizes a district court to correct an illegal sentence "at any time."

The sentence at issue stems from DeJohnette's 1985 drug conviction. Specifically, DeJohnette was convicted of conspiring to distribute cocaine, in violation of 21 U.S.C. § 846. DeJohnette was also convicted of distributing ¼ ounce of cocaine, in violation of 21 U.S.C. § 841(a)(1). With respect to the § 841(a)(1) violation, the court sentenced DeJohnette to a two-year term of imprisonment and a six-year term of special parole. The court suspended the imposition of sentence on the conspiracy offense.

By March 14, 1987, DeJohnette had completed his term of imprisonment and began serving his special parole term. On November 5, 1990, while still on parole, DeJohnette was arrested for allegedly committing several offenses, including aggravated assault, possession of cocaine, and unauthorized possession of a firearm. Facing parole revocation, DeJohnette now argues that this court did not have the authority to impose a special parole term in the first place.

■ In assessing the validity of DeJohnette's argument, the court must look to 21 U.S.C. § 841(b), which specifies the appropriate penalties for violations of § 841(a). Over the course of the past decade, § 841(b) has endured a great deal of legislative activity. The relevant amendments to § 841(b) are summarized by the cases cited in the government's thorough and well-reasoned brief. *See United States v. Ferryman,* 897 F.2d 584, 586–87 (1st Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 90, 112 L.Ed.2d 62 (1990); *United States v. Garcia,* 879 F.2d 803, 804 (10th Cir.1989); *United States v. De Los Reyes,* 842 F.2d 755, 757 (5th Cir.1988). Section 841(b) initially provided for a *mandatory* special parole term to follow every term of imprisonment imposed in connection with cocaine offenses. 21 U.S.C. § 841(b)(1)(A) (1981); *see also Ferryman,* 897 F.2d at 586; *Garcia,* 879 F.2d at 804. As of October 12, 1984, however, special parole was no longer an available penalty for large-scale drug transactions involving, for example, one or more kilograms of cocaine. *Ferryman,* 897 F.2d at 586 (citing Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 502, 98 Stat. 1837); *United States v. Sanchez,* 687 F.Supp. 1254, 1256 (N.D.Ill. 1988). DeJohnette's drug transaction, which involved less than one kilogram, fell within the category of offenses that remained eligible for a term of special parole. Although special parole was ultimately de-

leted as a penalty under § 841(b), that change did not take effect until November 1, 1987. *Ferryman,* 897 F.2d at 586; *Garcia,* 879 F.2d at 804; *De Los Reyes,* 842 F.2d at 757. For defendants such as DeJohnette, whose criminal conduct occurred prior to that date, a term of special parole was not only an available penalty, it was mandatory. *Garcia,* 879 F.2d at 805. Therefore, DeJohnette's special parole term is not an illegal sentence.

■ In his motion for correction of sentence, DeJohnette also objects to being detained at the Metropolitan Correctional Center, where he is currently incarcerated pending the disposition of parole revocation proceedings. DeJohnette contends that he is being held in violation of his constitutional rights. DeJohnette's challenge to his detention, however, is not properly before the court at this time. As the government correctly points out, a Rule 35 motion is not the proper vehicle for asserting such a challenge. DeJohnette may use Rule 35 only to attack the legality of the previously imposed sentence. If DeJohnette wishes to contest the legality of his current confinement, a habeas corpus proceeding would provide a more appropriate avenue for relief.

Accordingly, DeJohnette's motion for correction of illegal sentence is denied.