925 F.2d 1466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene SZYMANSKI, Defendant-Appellant.
 No. 90-1578.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1991.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Eugene Szymanski appeals from the district court's order denying his motion to correct his sentence, which he filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1987, Szymanski was convicted by a jury of one count of conspiracy to distribute heroin and one count of distribution of heroin. Szymanski committed the distribution offense on December 19, 1985. He was sentenced to fifteen years in prison, was ordered to pay a fifty dollar mandatory special assessment, and was given a five-year special parole term.
 
 
 4
 Szymanski moved to correct his sentence by vacating the special parole term. The district court denied his motion on the basis that the amount of heroin involved was less than 100 grams, and therefore, the special parole term provision still applied, citing United States v. McDaniel, 844 F.2d 535 (8th Cir.1988). Upon review, we conclude that the district court did not err in denying the motion.
 
 
 5
 Szymanski's argument that the law permitting imposition of a special parole term was no longer in effect at the time he committed the substantive offense is contrary to the law as interpreted by this court. The amendments to the relevant statute that were in effect at the time the offense occurred permitted imposition of a special parole term of "at least three years." See 21 U.S.C. Sec. 841(a)(1) and (b)(1)(A) (1970); Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, Sec. 502, 98 Stat. 1976, 2068 (1984); United States v. Blackmon, 914 F.2d 786, 788 (6th Cir.1990). Therefore, the district court did not abuse its discretion in properly sentencing Szymanski to a special parole term of five years, which was within the statutory limits. United States v. Barbara, 683 F.2d 164, 166 (6th Cir.1982).
 
 
 6
 Accordingly, Szymanski's motion for summary judgment is denied, his request for appointment of counsel on appeal is denied, and the district court's order filed May 11, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation