935 F.2d 278
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Gary BARNETT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-4000.
 United States Court of Appeals, Tenth Circuit.
 June 7, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Appellant brought a motion under 28 U.S.C. Sec. 2255 claiming that the imposition of the special parole term of his sentence was illegal. The district court denied the motion. We affirm.
 
 
 3
 Appellant was convicted under 21 U.S.C. Sec. 841(a). Part of the indictment charged "posses[sion] with intent to distribute approximately one (1) kilogram of a mixture containing cocaine." On that count, appellant was found guilty and sentenced to six years in prison and a special parole term of three years. The court did not indicate whether the sentence was entered pursuant to Sec. 841(b)(1)(A) which calls for enhanced sentences of up to 20 years for convictions involving "1 kilogram or more" of cocaine and does not provide for special parole terms, or pursuant to Sec. 841(b)(1)(B) which is non-enhanced, carries a maximum of only 15 years, and does provides for special parole terms. Appellant contends that he was sentenced under Sec. 841(b)(1)(A), and therefore the special parole term was illegal. The government disagrees, claiming that the leniency of appellant's sentence and the lack of a specific finding that the cocaine amounted to one kilogram or more, indicate that the sentence was under Sec. 841(b)(1)(B), and therefore the special parole term was proper.
 
 
 4
 We agree with the government. Although the appellant is correct that "after October 12, 1984, special parole terms ... were not authorized for sentences under subsection 841(b)(1)(A)," United States v. Garcia, 879 F.2d 803, 805 (10th Cir.1989), the "essential element[§ of statutory crimes] must be both alleged and proved before the greater penalty may be imposed." United States v. Crockett, 812 F.2d 626, 629 (10th Cir.1987). There is no doubt that Sec. 841(b)(1)(A) is the enhanced, or greater, penalty. Thus, because it was not otherwise demonstrated, we must presume that because the exact amount of cocaine was not shown to be one kilogram or more, appellant legally could not have been, and that he was not, sentenced under Sec. 841(b)(1)(A). Therefore, the special parole term was appropriate and the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3