Grady F. **STONE**, Leslie Gautier, Petitioners,

v.

**UNITED STATES** of America, Respondent.

No. 14743.

United States Court of Appeals Sixth Circuit.

Sept. 27, 1961.

Grady F. Stone, and Leslie Gautier, in pro. per.

Joseph P. Kinneary, U. S. Atty., Columbus, Ohio, for respondent.

ORDER.

This cause is before the Court on an appeal by Leslie Gautier and Grady Floyd Stone, from an order of the United States District Court for the Southern District of Ohio, Eastern Division.

The record discloses that the appellants pleaded guilty to two counts of an indictment charging in the first count transportation in interstate commerce of a stolen automobile, and in the second count, transportation in interstate commerce of stolen firearms; that each one

was sentenced on December 18, 1959, to the custody of the Attorney General to serve five years on each count, the sentences to run consecutively; that subsequently they filed a motion in the District Court to vacate the judgments or correct erroneous sentences pursuant to section 2255, Title 28 U.S.C. and Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.; that the District Judge denied this motion by order dated January 23, 1961; that on March 6, 1961, the appellants filed, in the District Court, a motion for leave to appeal in forma pauperis; that this motion was denied by the District Judge by order dated August 8, 1961; that on September 13, 1961, a Notice of Appeal was filed in the District Court together with a motion for leave to prosecute and proceed in forma pauperis and that on September 13, 1961, the Clerk of the District Court certified and transmitted the record to this Court, which was received by it on September 15, 1961.

The claims made by the appellants are that the sentences are ambiguous and do not constitute legal judgments of the Court. The basis of these claims is that the District Judge did not specify in the sentences whether the sentence on the first or second count was to be first served.

Upon consideration of the record and claims of the appellants, technical questions of procedure are passed and waived. It is found that there is no ambiguity in the sentences and that they constitute valid and correct sentences of ten years' confinement for each appellant. It is inferred that the sentences on counts one and two are served consecutively in that order. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309.

It is therefore ordered sua sponte that the appeal be and it is hereby dismissed.