**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Abel ARRIETA, Defendant-Appellant.**

No. 87–5691.

United States Court of Appeals,
Eleventh Circuit.

Sept. 21, 1988.

Theodore J. Sakowitz, Federal Public Defender, Miami, Fla., Charles Wishna, Asst.

Fed. Public Defender, for defendant-appellant.

Dexter W. Lehtine, U.S. Atty., Miami, Fla., William F. Jung, David O. Leiwant, Linda Collins Hertz, Asst. U.S. Attys., for plaintiff-appellee.

Before HILL and ANDERSON, Circuit Judges, and THOMAS *, Senior District Judge.

PER CURIAM:

The appellant, Abel Arrieta, was convicted in the district court on charges of distribution and conspiracy to distribute cocaine, and he was sentenced to seven years of imprisonment on each count. On appeal, he challenges the constitutionality of the mandatory minimum sentence provision contained in 21 U.S.C. § 841, and the "substantial assistance" provision, 18 U.S.C. § 3553(e), pursuant to which the government may move the court for a sentence below the mandatory minimum.

■ As counsel for the appellant acknowledges, the issue of the constitutionality of the mandatory minimum sentence provision is controlled by *United States v. Holmes*, 838 F.2d 1175 (11th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 2829, 100 L.Ed.2d 930 (1988). In *Holmes*, this court considered and rejected the constitutional attacks raised by the appellant in this case. Therefore, we need not address the issue further.

■ With respect to the appellant's claim that the substantial assistance provision is unconstitutional, we find that he lacks standing to raise the claim in this appeal. The mandatory minimum sentence provision became effective on October 27, 1986, but the substantial assistance provision did not become effective until November 1, 1987. Arrieta was convicted and sentenced during this gap period, and thus the substantial assistance provision did not apply to him at the time of his sentencing. Moreover, we have recently upheld the constitu-

tional validity of the gap itself. *See United States v. Sorondo*, 845 F.2d 945, 947–48 (11th Cir.1988). Given that the substantial assistance provision did not apply to the appellant at the time of his sentencing, it is clear that his sentence was not affected by the validity or invalidity of that provision, and he does not have standing to challenge that provision in this appeal. *See United States v. Muniz–Zacca*, No. 87–6061, slip op. at 3–4 (11th Cir. July 22, 1988 [854 F.2d 1324 (table) ] ) ("Because appellant has thus shown no injury traceable to 18 U.S.C. § 3553(e) and no injury redressable by the acceptance of the proposition he urges, he is without standing on this point."); *Church of Scientology Flag Service Org. v. City of Clearwater*, 777 F.2d 598, 606 (11th Cir.1985) (Standing requires "actual or threatened injury, fairly traceable to the challenged action, and redressable by a favorable decision."), *cert. denied*, 476 U.S. 1116, 106 S.Ct. 1973, 90 L.Ed.2d 656 (1986). Our decision is, however, without prejudice to other post-judgment or post-sentencing remedies available to the appellant.

For the reasons stated above, the judgment of the district court is

AFFIRMED.