**UNITED STATES of America, Appellee,**

v.

**Peter Andrew ROBINSON, Appellant.**

No. 88–5271.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 9, 1988.

Decided Jan. 3, 1989.

Peter Andrew Robinson, pro se.

Paul A. Murphy, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

PER CURIAM.

Peter A. Robinson appeals from the district court [1] order denying his motion under Federal Rule of Criminal Procedure 35(a) to correct an illegal sentence.[2] Robinson contends that the mandatory five-year sentence provision of 18 U.S.C. § 924(c) (Supp. II 1984) was not in effect at the time of his crime, and should not have been used to enhance his sentence for armed robbery of a credit union. We affirm the order of the district court.

On September 11, 1985, Robinson participated in the robbery of a credit union in Minnesota. After conviction by a jury, Robinson was sentenced to seven years in prison for armed robbery and a concurrent term of five years for being a felon in receipt of a firearm. He also received a consecutive term of five years without possibility of parole for use of a firearm in a crime of violence in violation of section 924(c). This court affirmed the convictions of Robinson and a codefendant on direct appeal. *United States v. York*, 830 F.2d 885 (8th Cir.1987) (per curiam), *cert. denied*, — U.S. —, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988).

Section 924(c) was amended by the Comprehensive Crime Control Act of 1984 (the Act), Pub.L. No. 98–473, Tit. II, 98 Stat. 1976 (1984), and Robinson argues that the effective date set forth in section 235(a)(1) of the Act, November 1, 1986, applies to the amendment.[3] *See* Pub.L. No. 98–473, 98 Stat. 1976, 2031 (1984). Although we rejected this argument on direct appeal, Robinson points to 18 U.S.C.A. § 924 note (West Supp.1988) (effective date of 1984 amendment was November 1, 1987) and a passing reference to section 924 and the November 1, 1986 effective date in *United States v. Torres*, 809 F.2d 429, 431 n. 3 (7th Cir.1987), as proof that our earlier opinion was erroneous. We disagree.

Section 235(a)(1), which provides that "this chapter shall take effect" on November 1, 1986, appears in Chapter II of the Act, the chapter known as the Sentencing Reform Act of 1984. The amendment to section 924(c), however, was enacted as part of Chapter X of the Act, the Miscellaneous Violent Crime Amendments of 1984. *See* Pub.L. No. 98–473, ch. X, § 1005(a), 98 Stat. 2136, 2138–39 (1984). As we concluded in *York*, in the absence of an explicit contrary provision, the amendment in Chapter X took effect on the date of enactment, October 12, 1984. *See York*, 830 F.2d at 892. In any event, "[o]ne panel of this Court is not at liberty to overrule an opinion filed by another panel." *Brown v. First Nat'l Bank*, 844 F.2d 580, 582 (8th Cir.), *cert. dismissed*, — U.S. —, 109 S.Ct. 20, 101 L.Ed.2d 971 (1988).

Finally, Robinson's reliance on the ambiguous note and the *obiter dictum* in *Torres* is unavailing. The amendment to section 924 that was to take effect on November 1, 1986, was the deletion of a reference to parole in section 924(a). *See* Pub.L. No. 98–473, ch. II, § 223(a), 98 Stat. 1976, 2028 (1984). Unlike the section 924(c) amendment at issue in this case, the change in section 924(a) was part of Chapter II of the Act, the Sentencing Reform Act of 1984.[4]

Accordingly, the order of the district court is affirmed.

---

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

2. Robinson's motion was made under Rule 35 as it applies to crimes committed prior to November 1, 1987. An amended form of the Rule is applicable to offenses committed after this date. *See* Pub.L. No. 98–473, Tit. II, §§ 215(b), 235(a)(1), 98 Stat. 2015, 2031 (1984), and Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985).

3. Congress later changed this effective date to November 1, 1987. *See* Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985).

4. The change in section 924(a) was rendered ineffective when Congress rewrote the subsection in 1986, before the 1984 amendment took effect. *See* Pub.L. No. 99–308, 100 Stat. 456 (1986).