Miguel **HERNANDEZ RIVERA**, Petitioner,

v.

**UNITED STATES of America,**
Respondent.

**Civ. No. 89–0910 (JAF).**

United States District Court,
D. Puerto Rico.

Sept. 6, 1989.

Miguel Hernandez Rivera, pro se.

Antonio R. Bazán, Asst. U.S. Atty., Daniel F. López Romo, U.S. Atty., San Juan, P.R., for respondent.

OPINION AND ORDER

FUSTE, District Judge.

On August 10, 1987 Miguel Hernández Rivera was arrested along with two other individuals on drug-related charges. In October of 1987 Mr. Hernandez pled guilty to distributing more than a kilogram of cocaine (Count Five of the indictment), 21 U.S.C. § 841(a)(1), and to possession of a firearm during the commission of a drug trafficking offense (Count Six of the indictment), 18 U.S.C. § 924(c). For the distributing count he was sentenced to seven (7)

years of imprisonment and four (4) years of supervised release. In addition, he received a five (5) year prison sentence on the weapons charge, to be served consecutively with the sentence for cocaine trafficking. Mr. Hernández has now filed a petition pursuant to 28 U.S.C. section 2255 to vacate or amend what he claims were illegally imposed sentences. In particular, petitioner argues he was sentenced under statutes not in effect on the date of the commission of his crimes. We agree with petitioner's arguments concerning the effective date of 21 U.S.C. section 841(b), but reject his claims with respect to 18 U.S.C. section 924(c).

### I. *The Drug Trafficking Sentence: 21 U.S.C. § 841(b).*

■ Petitioner argues, with respect to his drug trafficking conviction, that he was improperly sentenced under the 1986 amendments to 21 U.S.C. section 841(b). *See* Narcotics Penalties and Enforcement Act of 1986, Pub.L. No. 99–570, §§ 1001–02, 1986 U.S.Code Cong. & Admin.News (100 Stat.) 3207–2 and 3207–3. As amended, subsection 841(b) provides for a non-parolable sentence and a mandatory term of supervised release. Petitioner claims that he should have been sentenced under section 841(b) as it stood prior to the 1986 amendments, in which case: (1) he would be parole-eligible, and (2) the court would not be authorized to impose a term of supervised release.

The effective date of the 1986 amendments to 21 U.S.C. section 841 was November 1, 1987. *See generally U.S. v. de los Reyes,* 842 F.2d 755 (5th Cir.1988); *United States v. Byrd,* 837 F.2d 179 (5th Cir.1988). Because the acts underlying petitioner's drug conviction occurred prior to this date, petitioner should have been sentenced under section 841(b) as it existed prior to the 1986 amendments. Therefore, in the first instance, the court holds that petitioner's term of seven years of imprisonment will remain intact, subject, however, to parole

eligibility as contemplated by 21 U.S.C. section 841(b) before the 1986 amendments.

■ We also find that it was improper for the court to impose a term of supervised release as part of a sentence involving acts committed prior to November 1, 1987. *U.S. v. de los Reyes,* 842 F.2d 755, 757 (5th Cir.1988). The same is therefore VACATED. Furthermore, we note that in this case the court is not authorized to replace petitioner's term of supervised release with a term of special parole. This is so because section 841(b), as it existed prior to the 1986 amendments, provides no special parole terms for convictions involving more than a kilogram of cocaine, *see* 21 U.S.C. § 841(b)(1)(A), although it does mandate special parole terms for convictions involving lesser quantities. *See* 21 U.S.C. § 841(b)(1)(B) and (C). How Congress came to provide special parole terms for smaller quantities but not for the most serious offenses has been fully discussed elsewhere [1] and may best be described as a draftsman's oversight: "What seems to have happened is that the people who drew up the statute slipped a cog." *United States v. Sánchez,* 687 F.Supp. 1254, 1256 (N.D.Ill.1988). Nevertheless, the face of subsection 841(b), as it applies to acts committed between October 12, 1984 and November 1, 1987, grants the court no authority to impose a special parole term in this case. *United States v. Mowery,* 703 F.Supp. 940 (M.D.Ga.1989); *United States v. Ward,* 696 F.Supp. 247 (W.D.Tex.1988); *Sánchez,* 687 F.Supp. 1254; *United States v. Phungphiphadhana,* 640 F.Supp. 88 (D.Nev.1986). Therefore, petitioner's term of four years supervised release is VACATED and will not be replaced by a special parole term.

### II. *The Weapons Sentence: 18 U.S.C. section 924(c).*

■ In addition to the sentence for drug trafficking, petitioner also received a five (5) year non-parolable sentence for illegal possession of a firearm under to 18 U.S.C.

---

**1.** *See, e.g., United States v. de los Reyes,* 842 F.2d 755, 757 (5th Cir.1988); *United States v. Ward,* 696 F.Supp. 247 (W.D.Tex.1988).

section 924(c). This sentence was to be served consecutively with his sentence under 21 U.S.C. section 841(b). Petitioner argues, essentially, that he was sentenced under an amended version of subsection 924(c) that did not come into effect until November 1, 1987, and that his conviction under this statute was therefore illegal. We disagree.

Two amendments to subsection 924(c) are relevant to this case. First, subsection 924(c) was amended by Congress via the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, Tit. II, 98 Stat.1976 (1984) ("1984 amendment"). Following this amendment, subsection 924(c) provided that anyone convicted of using or carrying a firearm during the commission of a "violent crime" would receive, in addition to the sentence for the underlying crime, an additional, non-parolable sentence of five years to be served consecutively with the underlying sentence. In 1986 subsection 924(c) was further amended to explicitly apply to drug offenses in addition to "crimes of violence." Pub.L. 99–308, section 104(a)(2)(A)–(E) ("1986 amendment"). After carefully reviewing all the relevant documents and statutes, the court concludes that *both* amendments were in effect at the time of the acts underlying petitioner's indictment.

The Eight Circuit has had occasion to examine the effective date of the 1984 amendment. *See U.S. v. Robinson,* 865 F.2d 171 (8th Cir.1989). Section 235(a)(1) of the Comprehensive Crime Control Act provided that "this chapter" of the Act was originally to take effect on November 1, 1986. In fact, Congress further delayed the effective date until November 1, 1987. Section 235(a)(1) would thus dispose of this issue in petitioner's favor if it were pertinent to 18 U.S.C. section 924(c). It is not. As the court in *Robinson* explained, section 235(a)(1) and the amendment to section 924(c) appear in different chapters of the Comprehensive Crime Control Act: section 235(a)(1) in Chapter II of the Act (known as the Sentencing Reform Act of 1984) and the amendment to section 924(c) in Chapter X of the Act. Chapter X silent regarding an effective date. Therefore, "in the absence of an explicitly contrary provision, the amendment in Chapter X took effect on the date of enactment, October 12, 1984." *Robinson,* 865 F.2d at 172; *see also, United States v. York,* 830 F.2d 885 (8th Cir. 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988).

As for the 1986 amendment to subsection 924(c), explicitly making the subsection serviceable to drug trafficking crimes, the effective date is 180 days after May 19, 1986. *See* section 110(a) of Pub.L. 99–308. Obviously, this amendment came into effect well before the date of the underlying offense.

For the above-stated reasons we find no merit in petitioner's suggestion that his sentence under subsection 924(c) was illegal. Therefore, petitioner's motion to vacate or amend the same is DENIED.

### III. *Conclusion.*

To sum up:

1. Petitioner's sentence under 21 U.S.C. section 841(b) is amended as follows: (a) the four (4) year term of supervised release is vacated; (b) the seven (7) year sentence of imprisonment remains intact, subject to parole as contemplated by subsection 841(b) prior to the 1986 amendments.

2. Petitioner's non-parolable five (5) year sentence under 18 U.S.C. section 924(c) remains unaltered and will be served consecutively with the sentence under 21 U.S.C. section 841(b).

IT IS SO ORDERED.[2]

---

2. Any other arguments raised by petitioner, stated or implied, are found to be meritless and do not warrant discussion.