Guillermo Zuluaga
ARISTIZABAL, Petitioner,

v.

**UNITED STATES of America,
Respondent.**

Civ. No. 89–0896(JAF).

United States District Court,
D.Puerto Rico.

Oct. 15, 1989.

---

Guillermo Zuluaga Aristizabal, pro se.

Asst. U.S. Atty. Luis A. Plaza, Daniel F. López Romo, U.S. Atty., Hato Rey, P.R., for respondent.

## OPINION AND ORDER

FUSTE, District Judge.

Before the court is petitioner's *pro se* motion under 28 U.S.C. section 2255, the habeas corpus statute for federal prisoners. On April 21, 1987, petitioner entered a guilty plea to one count under 21 U.S.C. section 955, in relation to an incident occurring on February 28, 1987 and involving more than thirty-three pounds of cocaine. Petitioner was sentenced by this court to serve a twenty (20) year prison sentence.

In addition, petitioner received a five (5) year term of supervised release and a special monetary assessment in the amount of $50.00. Petitioner now seeks to vacate his conviction, advancing three main grounds.[1]

■ First, petitioner argues that his guilty plea was not made voluntarily or with an understanding of the nature of the charge and the consequences of the plea. To this end, petitioner claims that he did not understand the nature of his plea, that he was coerced and threatened by counsel into making the plea, that he was under the influence of prescribed medication, and that he was assured by counsel that he would receive no more than a ten-year sentence in exchange for his plea.

■ Each of these arguments, however, are contradicted by petitioner's answers during the thorough Rule 11 inquiry conducted by the court at the change of plea hearing. At that time, petitioner stated that he understood the court's discretion in sentencing, that no one had made any promises or predictions regarding sentencing, and that his plea was voluntary. Generally, answers to Rule 11 questions are presumed to be truthful. *United States v. Butt*, 731 F.2d 75 (1st Cir.1984). There is no reason to doubt that presumption here.

■ With regard to petitioner's use of prescription drugs, we note that the "mere fact that [petitioner] took potentially mood-altering medication is not sufficient to vitiate his pleas. There must be some evidence that the medication affected his rationality." *United States v. Pellerito and Rivera–Martinez*, 878 F.2d 1535, 1542 (1st Cir.1989) and cases cited therein. There was none. At the change of plea hearing, there were no instances of irrational or bizarre behavior, or, in short, anything to indicate that petitioner was not competent to plead. *See Bolius v. Wainright*, 597 F.2d 986, 990 (5th Cir.1979); *Hernández–Hernández v. United States*, No. 89–0450(JAF), August 3, 1989.

As his second ground, petitioner argues that he did not receive effective assistance

---

1. Petitioner's motion in actuality raises five separate "grounds" in support of his cause. Grounds "one" and "five," however, are found to be so meritless as to not warrant discussion, and we will address only grounds "two," "three," and "four."

of counsel, raising many of the same allegations mentioned above. Again, during the Rule 11 inquiry, petitioner indicated that he was happy with the work his attorney had done for him. In short, the record clearly indicates that the representation afforded petitioner fell within the standards enunciated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Finally, petitioner argues that he was sentenced under a version of 21 U.S.C. section 960 that was not in effect at the time of the acts giving rise to the indictment. *See* Narcotics Penalties and Enforcement Act of 1986, Pub.L. No. 99–570 § 1004(a). We agree that the effective date of the amendments in question was November 1, 1987. *See* Pub.L. 99–570 § 1004(b); *U.S. v. de los Reyes,* 842 F.2d 755 (5th Cir.1988); *United States v. Byrd,* 837 F.2d 179 (5th Cir.1988). However, we disagree that this necessitates vacating petitioner's conviction. Instead, we find that the proper remedy is to amend petitioner's sentence so as to bring it into line with the law in effect at the time of his offense.

Therefore, petitioner's term of supervised release is VACATED,[2] and his term of imprisonment is subject to the same parole eligibility as was contemplated by 21 U.S.C. section 960 before the 1986 amendments. Otherwise, petitioner's sentence remains unchanged.

Subject to this amended sentence, plaintiff's petition is DISMISSED.[3]

IT IS SO ORDERED.

---

2. Nor will the supervised release term be replaced by a term of "special parole." As the court explained in *Hernández Rivera v. United States,* 719 F.Supp. 65 (D.P.R.1989), the law as it existed prior to the so-called 1986 amendments does not grant the court authority to impose a special parole term in cases where the conviction involves more than a kilogram of cocaine and where the underlying acts occurred between October 12, 1984 and November 1, 1987. *See id.* and cases cited therein.

3. Pursuant to Rule 4(b) of the Rules Governing Proceedings in U.S. District Courts under 28 U.S.C. section 2255, we find no need to grant an evidentiary hearing because petitioner's claims are conclusively resolved by documents of record, particularly the transcript of petitioner's change of plea hearing. *See Panzardi–Alvarez v. United States,* 879 F.2d 975, 985 n. 8 (1st Cir. July 19, 1989), and cases cited therein.