**UNITED STATES of America, Plaintiff,**

**v.**

**Hector NAZARIO TORIBIO, Defendant.**

**Crim. No. 87–544.**

United States District Court,
D. Puerto Rico.

Dec. 5, 1989.

Warren Vázquez, Asst. U.S. Atty., Daniel F. López Romo, U.S. Atty., San Juan, P.R., for plaintiff.

Hector Nazario Toribio, pro se.

## OPINION AND ORDER

FUSTE, District Judge.

This case, before the court on defendant's motion pursuant to Fed.R.Crim.P. 35(b), presents thorny issues regarding the application of the Anti–Drug Abuse Act of 1986, Pub.L. 99–570, to acts occurring prior to November 1, 1987. At bar are three related matters: a) whether the court may impose a term of "supervised release" for acts committed prior to November 1, 1987; b) whether the court may impose a term of "special parole" for acts committed prior to November 1, 1987; and c) whether a defendant is eligible for parole when sentenced for acts committed prior to November 1, 1987. Although the court has written on these issues before, we take this opportunity to re-examine our views, especially regarding parole eligibility.

### I. *The Law*

A. Supervised Release.

■ The Anti–Drug Abuse Act of 1986 ("the Act") was passed on October 27, 1986, and amended many of the drug-related provisions found in Title 21 of the United States Code. Section 1002 of the Act made certain changes in the Controlled Substances Act (21 U.S.C. § 841(b)(1)). These changes include enhanced sentences, mandatory minimum sentences, negation of parole or probation, and the establishment of mandatory terms of "supervised release." Moreover, section 1302 made analogous changes in the Controlled Substances Import and Export Act (21 U.S.C. § 960(b)), which deals with sentences for drug importation. No specific effective date is mentioned either in section 1002 or section 1302, and thus the effective date for these sections would normally be the time of enactment—*i.e.,* October 27, 1986. *U.S. v. Levario,* 877 F.2d 1483, 1487 (10th Cir.1989).

Nevertheless, section 1004 of the Act also makes changes in the prior drug laws. This section amends both the Controlled Substances Act and the Controlled Substances Import and Export Act by replac-

ing "special parole term" with "term of supervised release" each time the former term appears in the respective acts. Unlike section 1002 and 1302, however, section 1004(b) *expressly* ties the effective date of the amendments made by section 1004 to the effective date of 18 U.S.C. section 3583 —*i.e.*, November 1, 1987.

Thus, with respect to the implementation of supervised release terms under 21 U.S.C. sections 841(b) and 960(b), there is an apparent conflict: sections 1002 and 1302 contain no express effective date, while section 1004(b) takes effect on November 1, 1987. Most courts addressing the issue have resolved this conflict by holding that courts may not impose terms of supervised release for acts committed prior to November 1, 1987, noting a coherent plan to implement supervised release terms at the same time. *Id.* at 1487–89; *U.S. v. Posner*, 865 F.2d 654 (5th Cir.1989); *U.S. v. Whitehead*, 849 F.2d 849 (4th Cir. 1988); *U.S. v. De Los Reyes*, 842 F.2d 755 (5th Cir.1988); *U.S. v. Byrd*, 837 F.2d 179 (5th Cir.1988). As the court in *Byrd* explained,

> Section 1004 *expressly* ties the effective date of the amendments to the effective date of 18 U.S.C. section 3583, which contains the standards for the imposition of supervised release. The changes made by section 1004 include the relevant change made by section[s] 1002 [and 1302]. Moreover, tying the effective date of the change to the effective date of the implementing statute would seem the more logical arrangement.... In short, we are unconvinced that Congress intended to set section 841(b) [and 960(b) ] apart from the comprehensive statutory framework developed to replace special parole terms with supervised release.

*U.S. v. Byrd*, 837 F.2d at 181 n. 8.

This court agrees that, with respect to the implementation of supervised release terms, the affirmative statement of section 1004(b) trumps the silence of section 1002. Therefore, the court reiterates its holding in previous cases that the court may not impose a term of supervised release for

acts committed prior to November 1, 1987. *Zuluaga Aristizabal v. United States*, 721 F.Supp. 1497 (D.P.R.1989); *United States v. Segundo–Juvinao*, No. 87–504, slip op. (D.P.R. Sept. 6, 1989); *Hernández Rivera v. United States*, 719 F.Supp. 65 (D.P.R. 1989).

### B. Special Parole Terms

■ The next question is whether the court may impose terms of "special parole" under 21 U.S.C. sections 841(b) and 960(b) when the criminal activity occurred prior to November 1, 1987. To answer this question, we look to Title 21 of the United States Code as it stood prior to amendment by the Anti–Drug Abuse Act of 1986. There we find an irony: while the old section 841(b) provides for a special parole term for offenses involving lesser quantities of certain drugs, *see* 21 U.S.C. § 841(b)(1)(B) and (C), it does not mandate or even allow special parole terms for convictions involving larger amounts of narcotics. *See* 21 U.S.C. § 841(b)(1)(A). A similar situation exists with regard to sentences under the old 21 U.S.C. section 960(b). While this discrepancy is undoubtedly the result of Congressional oversight, courts have nevertheless found themselves without authority to impose special parole terms for the most serious offenses when the acts giving rise to the indictment were committed between October 12, 1984 and November 1, 1987. *U.S. v. Levario*, 877 F.2d at 1487; *Hernández Rivera v. United States*, 719 F.Supp. 65 (D.P.R.1989); *United States v. Mowery*, 703 F.Supp. 940 (M.D. Ga.1989); *United States v. Ward*, 696 F.Supp. 247 (W.D.Tex.1988); *United States v. Sánchez*, 687 F.Supp. 1254 (N.D.Ill.1988); *United States v. Phungphiphadhana*, 640 F.Supp. 88 (D.Nev.1986).

### C. Parole Eligibility

■ The final related issue has to do with the effective date of the provisions in the Act denying parole eligibility. Thus far, the court has merely reiterated, albeit in more complete detail, its previous holdings. At this point, however, the court is compelled to recognize a past error and

depart from some of its previous decisions accordingly.

Congress imposed mandatory minimum sentences without the possibility of parole in the Anti–Drug Act of 1986. Section 1002 denies the possibility of parole for certain sentences under 21 U.S.C. section 841(b), while section 1302 makes similar amendments to the sentences imposed pursuant to 21 U.S.C. section 960(b). As has been previously noted, neither section 1002 nor section 1302 specify an effective date; therefore, the normal rule is that these sections are to take effect on their date of enactment, October 27, 1986. *United States v. Affleck*, 765 F.2d 944, 948 (10th Cir.1985).

Nevertheless, in prior decisions this court has erroneously inferred that the provisions of the Anti–Drug Abuse Act denying the possibility of parole did not become effective until November 1, 1987. *See, e.g., Zuluaga Aristizabal v. United States*, 721 F.Supp. 1497 (D.P.R.1989); *United States v. Segundo–Juvinao*, No. 87–504, slip op. (D.P.R. Sept. 6, 1989); *Hernández Rivera v. United States*, 719 F.Supp. 65 (D.P.R. 1989); *Carrasquillo Soto v. United States*, No. 88–1422, slip op. (D.P.R. Dec. 22, 1988). In doing so, the court operated under the assumption that section 1004(b), making the effective date of section 1004(a) November 1, 1987, governed sections 1002 and 1302 in the same manner.

Upon reconsideration, we conclude that this assumption was mistaken. The effective date found at section 1004(b) specifically refers only to the amendments made in section 1004(a), which deal with the imposition of supervised release terms. There is no indication on the face of section 1004(b) that it was meant to apply to any other provisions of the Anti–Drug Abuse Act. Although courts *have* applied the effective date in 1004(b) to sections 1002 and 1302, they have done so only with regard to the supervised release element found in those sections so as to realize Congress' intent to implement supervised release terms found in the Act uniformly. *See United States v. Byrd*, 837 F.2d 179 (5th Cir.1988) (dis-

cussed *supra*). There is no reason to believe, however, that Congress intended the effective date found in section 1004(b) to be applied to other elements of sections 1002 and 1302. Thus, we hold that the provisions in sections 1002 (21 U.S.C. § 841(b)) and 1302 (21 U.S.C. § 960(b)) calling for mandatory minimum sentences without the possibility of parole became effective on October 27, 1986. *U.S. v. Levario*, 877 F.2d at 1487; *U.S. v. Padilla*, 869 F.2d 372, 381–82 (8th Cir.1989); *United States v. Arrietta*, 855 F.2d 804, 805 (11th Cir.1988).

## II. *The Law Applied*

■ With these standards in mind, we turn to defendant's motion under Fed.R. Crim.P. 35(b) asking for a correction of his sentence.

Defendant Héctor Nazario Toribio pled guilty to a violation of 21 U.S.C. section 952(a) for acts occurring on October 11, 1987. He was sentenced pursuant to 21 U.S.C. section 960(b) to a term of five (5) years of imprisonment to be followed by four (4) years of supervised release. Nazario's conviction involved the attempted importation of approximately five kilograms of cocaine.

Because Nazario's crime was committed before November 1, 1987, the court had no authority to impose a term of supervised release. Therefore, the same is now **vacated**. However, because the acts occurred after October 27, 1986, his term of imprisonment is not subject to probation or parole.

As to whether the vacated term of supervised release may be replaced by a special parole term, we look to 21 U.S.C. section 960 as it stood prior to amendment by the Anti–Drug Abuse Act of 1986. *See* Controlled Substances Penalties Amendments Act of 1984, Pub.L. No. 98–473. There, we find that since defendant's conviction involved more than one kilogram of a Schedule II narcotic drug, he should have been sentenced under the old section 960(b)(1) of Title 21 of the United States Code.[1] Because this section does not mention a special parole term, we conclude the court is

---

**1.** The old section 960(b)(1) is almost identical in    its provisions to the old section 841(b)(1)(A).

not authorized to replace defendant's vacated term of supervised release with a special parole term.[2]

### III. Conclusion

Given the foregoing, the defendant's sentence is revised and clarified as follows:

1. The term of supervised release is **vacated** and will not be replaced by a special parole term.

2. The defendant is not eligible for parole or probation.

IT IS SO ORDERED.

2. We note, however, that sentences for lesser quantities of drugs under 21 U.S.C. sections 960(b)(2) and (3) do carry with them mandatory special parole terms.