**UNITED STATES of America, Plaintiff,**

v.

**Sauveur TERMORIUS, Defendant.**

**Crim. No. 87–563 (JAF).**

United States District Court, D. Puerto Rico.

May 15, 1990.

Antonio Bazán, Asst. U.S. Atty., Daniel López Romo, U.S. Atty., San Juan, P.R., for U.S.

Sauveur Termorius, pro se.

OPINION AND ORDER

FUSTE, District Judge.

Before the court is Sauveur Termorius' *pro se* motion under Fed.R.Crim.P. 35(a) for correction of sentence. Termorius, a resident alien from Haiti, was arrested on October 20, 1987 and charged with possession with intent to distribute approximately two thousand seven hundred and twenty-seven (2,727) grams of cocaine in violation of 21 U.S.C. section 841(a)(1). After entering a guilty plea, he was sentenced to a five-year nonparolable prison term to be followed by four years of supervised release. He now argues that the terms of supervised release are not authorized for crimes committed prior to November 1, 1987. He also claims that his sentence should be declared parole-eligible. We consider each claim separately.

I.

■ This court, in previous cases, has addressed the issue of when the provisions of the Anti–Drug Abuse Act of 1986, Pub.L. 99–570, providing for supervised release terms became effective. *See, e.g., United States v. Nazario Toribio,* 727 F.Supp. 780 (D.P.R.1989), and cases cited

---

therein. Acting in the absence of First Circuit precedent on this issue, but relying on its own analysis and case law from other circuits, the court concluded that the effective date for applying supervised release terms was November 1, 1987. *Id.* Moreover, the court in *Nazario Toribio* also addressed under what circumstances "special parole terms" might be applicable even though "supervised release terms" were not. The court reasoned that, with respect to acts committed between October 27, 1986 and November 1, 1987, special parole terms were authorized only if explicitly called for in the pertinent sentencing statutes as they existed prior to the Anti-Drug Abuse Act. We found, surprisingly, that while special parole terms were authorized for smaller quantity offenses the statute contained no such authority for crimes involving larger amounts of controlled substances. For instance, under the "old" regime, no special parole was provided for offenses involving more than one kilogram of cocaine, *see* 21 U.S.C. section 841(b)(1)(A), but special parole was mandated under subsections 841(b)(1)(B) and 841(b)(1)(C) for crimes involving a lesser amount. *See* Pub.L. No. 98–473, Title II, section 502, 98 Stat. 2068 (1984). Thus, because the defendant in *Nazario Toribio* was convicted of an offense that took place between October 27, 1986 and November 1, 1987, and because the crime involved more than a kilogram of cocaine, the court concluded that neither supervised release nor special parole was authorized. *Id.*

Months after *Nazario Toribio* was decided, the First Circuit issued two opinions involving the issues discussed above. First, in *United States v. Ferryman*, 897 F.2d 584 (1st Cir.1990), the court held that the effective date for supervised release terms was November 1, 1987, with respect to offenses indictable under 21 U.S.C. section 841(b)(1)(B)—i.e., those crimes involving less than one kilogram of cocaine. The court further concluded, moreover, that these lesser quantity offenses, if committed during the "hiatus period" from October 27, 1986 to November 1, 1987, were subject to special parole terms. However, the court in *Ferryman* expressly limited its

holding to crimes involving lesser quantities of drugs and left open the matter of the effective date for supervised release terms in cases, such as the one at hand, involving *more* than a kilogram of cocaine. *See id.* at 589 n. 4.

This issue was not left open for long and in fact was decided in *United States v. Ocasio Figueroa*, 898 F.2d 825 (1st Cir. 1990). In *Ocasio Figueroa*, the First Circuit considered the effective date of supervised release terms as applied to a defendant whose offense occurred during the hiatus period and involved more than a kilogram of cocaine (i.e., an offense indictable under section 841(b)(1)(A)). The court held, under these facts, that the effective date for applying supervised release was not November 1, 1987, but rather October 27, 1986, the date of enactment. *Id.* Thus, between *Ferryman* and *Ocasio Figueroa*, the First Circuit has established two different effective dates for applying supervised release terms: one (November 1, 1987) corresponding to section 841(b)(1)(B) offenses, and another (October 27, 1986) for the "larger quantity" offenses indictable under section 841(b)(1)(A). In doing so, the court discerned Congressional intent that "all drug traffickers ... be subject to *some* sort of post-confinement monitoring." *Ocasio Figueroa, supra,* at 827. The court, through its holding in *Ocasio Figueroa*, also effectively overrules that portion of this court's opinion in *Nazario Toribio* which held that "large quantity" offenders whose offenses occurred during the hiatus period are subject to neither supervised release nor special parole.

Applying all of the above to the case at hand, we note that *Ocasio Figueroa* is inescapably on point. Termorius committed his offense on October 20, 1987, which places him in the hiatus period. Because his offense involved more than a kilogram of cocaine, he was indictable under section 841(b)(1)(A). Although this court's holding in *Nazario Toribio* would dictate a finding that *no* post-confinement monitoring was authorized under these circumstances, we must now jettison that view in favor of the holding in *Ocasio Figueroa* which man-

dates that a term of supervised release be imposed. Termorius' motion to vacate the same is therefore DENIED.

## II.

 Termorius also alleges that he should be eligible for parole. In *Nazario Toribio, supra*, in a part of the opinion completely unaffected by *Ocasio Figueroa* or by any other case that we know of, this court held that the "no-parole" provisions of the Anti–Drug Abuse Act of 1986 took effect upon enactment (October 27, 1986). *Nazario Toribio*, 727 F.Supp. at 782–83. Because Termorius' offense occurred after this date, this part of his motion must also be DENIED.

Motion DISMISSED.

IT IS SO ORDERED.