907 F.2d 151
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Lavergis RODGER, Petitioner-Appellant,
v.
O.I. WHITE and Benjamin F. Baer, Respondents-Appellees.
 No. 89-5720.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges, and HORACE W. GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner, Gary Lavergis Rodger, appeals from the district court's denial of his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2241. On appeal, he urges the court to reverse the district court order, raising the following allegations of error: (1) the government waived the right to contest the magistrate's report and recommendation by failing to file timely objections to the report; (2) the 1984 amendment to 18 U.S.C. Sec. 924(c) did not become effective until after the petitioner's offense, trial, and sentencing, and was therefore inapplicable to his case; and (3) the sentencing judge did not have jurisdiction to issue an amended judgment and commitment order once the petitioner had begun to serve his sentence. For the reasons that follow, we affirm the district court's denial of Rodger's habeas corpus petition.
 
 I.
 
 2
 This habeas petition presents a challenge to the sentences imposed upon the petitioner after a jury trial in the United States District Court for the Eastern District of Arkansas. Rodger was convicted of one count of bank robbery in violation of 18 U.S.C. Sec. 2113(d); one count of using a firearm during the commission of a felony in violation of 18 U.S.C. Sec. 924(c); and one count of conspiracy to commit a bank robbery in violation of 18 U.S.C. Sec. 371. On May 29, 1986, the district judge in Arkansas sentenced the petitioner to serve ten years for the bank robbery conviction (Count I), and to five years for the conspiracy charge (Count III), these sentences to be served concurrently. He also sentenced the petitioner to serve five years in prison for the section 924(c) violation, to be served consecutively to the other sentences. In other words, Rodger was sentenced to serve a total of fifteen years in prison. The petitioner currently is serving his sentences at the Federal Correctional Institution in Memphis, Tennessee.
 
 
 3
 After his initial parole hearing in October 1986, the petitioner was informed by the United States Parole Commission in December 1986 that it had calculated a presumptive parole date after service of 40 months. After serving this initial 40-month period, the petitioner would begin to serve the five-year non-parolable sentence for his conviction under section 924(c). In January 1987, however, a supervisory legal technician from the Federal Bureau of Prisons notified the Parole Commission that the five-year non-parolable sentence must be served first, in accordance with its Program Statement 5880.27. Therefore, the presumptive parole date, as calculated by the Commission, was prior to the petitioner's actual eligibility date. A corrected Notice of Action was prepared by the Parole Commission, and the parole eligibility date likewise was modified.
 
 
 4
 After exhausting his administrative remedies with the Parole Commission and the Bureau of Prisons, Rodger filed the instant habeas corpus petition in the United States District Court for the Western District of Tennessee on August 12, 1988.[1] Proceeding pro se, Rodger claimed that the 1984 amendment to 18 U.S.C. Sec. 924(c) was inapplicable to his sentence; that the actions of the Parole Commission frustrated the judgment and commitment order of the sentencing court; and that the Bureau of Prisons' Program Statement 5880.27 violated the Administrative Procedure Act by relying on a questionable effective date of section 924(c). After reviewing the petition and the government's response thereto, a magistrate recommended that the petition be denied in all respects, except that the sentences must be ordered to run in the order specified by the sentencing court. That is, the sentence for carrying a firearm during the commission of a felony must be served after the sentences for bank robbery and conspiracy.
 
 
 5
 The petitioner filed objections to the magistrate's report, but the government did not. However, before the district court ruled on Rodger's petition, the government filed a motion for reconsideration of the magistrate's report, stating as grounds that it had just learned of an amended judgment and commitment order issued by the sentencing judge on December 12, 1988. This amended order specified that the sentence for violation of section 924(c) would be served first. The district court granted the government's motion, and taking the amended judgment and commitment order into consideration, denied Rodger's petition for habeas corpus relief in its entirety.
 
 II.
 
 6
 The petitioner first contends that the government should not have been allowed to file a motion for reconsideration of the magistrate's report after the expiration of the time for filing objections. Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance. 28 U.S.C. Sec. 636(b)(1); Fed.R.Civ.P. 72(a). In this case, the magistrate instructed the parties to follow this procedure, and the petitioner filed timely objections. The government failed to file objections within the specified time. However, we conclude that the government's motion for reconsideration was properly made, and that the district judge acted within his discretion in considering the motion and the new evidence presented. Although this court has held that a party waives its right to appeal from the judgment of the district court if it fails to file timely objections to the magistrate's report, United States v. Walters, 638 F.2d 947 (6th Cir.1981), it is the district court, not the magistrate, that has the "ultimate responsibility of properly adjudicating the Article III controversy before it." Patterson v. Mintzes, 717 F.2d 284, 287 (6th Cir.1983) (citing United States v. Raddatz, 447 U.S. 667 (1980)). Just as the district court has the authority to extend the ten-day filing period, Patterson, 717 F.2d at 287, the court in this case had the authority to consider the newly discovered order when reaching its final decision on the merits of Rodger's petition.
 
 III.
 
 7
 In his main substantive allegation of error, Rodger claims that the 1984 amendment of 18 U.S.C. Sec. 924(c) was not in effect at the time of his offense, trial, and sentence. The amendment to section 924(c) was passed in 1984 as part of the Comprehensive Crime Control Act, and it provides, in pertinent part:
 
 
 8
 Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.
 
 
 9
 Applying the above statute to the petitioner, the Parole Commission calculated his parole eligibility without considering the five-year sentence. If the five-year sentence were parolable, it would have been aggregated with the ten-year sentence for the determination of a release date. Title 18 U.S.C. Sec. 4205(a) provides that a prisoner will be eligible for release on parole after serving one-third of his term or terms of more than one year. In other words, Rodger would be eligible for parole after five years, or one-third of the total fifteen-year sentence. However, section 4205(a) also provides that this parole eligibility calculation will hold true only "except to the extent otherwise provided by law." Similarly, section 4205(h) reads:
 
 
 10
 Nothing in this chapter shall be construed to provide that any prisoner shall be eligible for release on parole if such prisoner is ineligible for such release under any other provision of law.
 
 
 11
 18 U.S.C. Sec. 4205(h) (repealed).[2] Because section 924(c) prohibits parole for those serving sentences for its violation, the petitioner's five-year sentence may not be aggregated with his other sentence when calculating his release date. Accordingly, the Parole Commission calculated the petitioner's sentence to provide that he must serve the full five years of his sentence for using a firearm during the commission of a felony, and he also must serve at least 40 months, or one-third of his ten-year sentence for bank robbery.
 
 
 12
 Rodger bases his argument that the amended section 924(c) does not apply to him on an annotation in the supplement to the relevant volume of the United States Code Annotated, published by West Publishing Company. This note reads as follows:
 
 
 13
 Effective Date and Savings Provisions of 1984 Amendment. Amendment by Pub.L. 98-473 effective on the first day of first calendar month beginning thirty six months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98-473, and except as otherwise provided for therein, see section 235 of Pub.L. 98-473, as amended, set out as a note under section 3551 of this title.
 
 
 14
 18 U.S.C.A. Sec. 924 (West Supp.1990 at p. 105). According to the petitioner, this note specifies that the amended section 924(c) did not become effective until November 1, 1987, which is after his sentence was imposed. Although this annotation would seem to support the petitioner's argument, we agree with the conclusion of the Eighth Circuit that the statute took effect on October 12, 1984, when the Comprehensive Crime Control Act of 1984 (CCCA) became effective.
 
 
 15
 In United States v. York, 830 F.2d 885 (8th Cir.1987), cert. denied, 484 U.S. 1074 (1988), the Eighth Circuit faced this issue and examined the legislative history of section 924(c) to determine the effective date of the statute. The effective date that the defendant in York and the petitioner here claim applies to section 924(c) is contained in section 235(a)(1) of the CCCA. This section of the CCCA governs the effective date of Chapter II of the Act, also known as the Sentencing Reform Act.[3] The amendment to section 924(c), by contrast, was passed as part of Chapter X of the CCCA, which deals with miscellaneous criminal provisions. No specific effective date is set forth in Chapter X. The Eighth Circuit concluded that in the absence of a specified effective date, section 924(c) became effective on October 12, 1984, when the CCCA was signed into law.
 
 
 16
 Therefore, the amendment to 18 U.S.C. Sec. 924(c), which establishes that the five-year mandatory sentence for possession of a firearm during the commission of a felony is non-parolable, does apply to the petitioner's sentence in this case.
 
 IV.
 
 17
 Finally, the petitioner questions the sentencing judge's authority to issue the amended judgment and commitment order in which he stated that the petitioner's five-year sentence for violation of section 924(c) would be served first. A sentencing judge loses jurisdiction over a prisoner once he has begun to serve his sentence. United States v. Adams, 362 F.2d 210, 211 (6th Cir.1966); Stone v. United States, 295 F.2d 241 (6th Cir.1961).[4] Therefore, the sentencing judge in this case was without authority to issue the amended judgment and commitment order, and we give it no effect in rendering our decision.
 
 
 18
 Notwithstanding our conclusion that the amended judgment and commitment order has no effect, we find that the computation of the petitioner's sentence by the Bureau of Prisons was not inconsistent with the judge's original sentence. In his original order, the judge made the following ruling with respect to the petitioner's sentences:
 
 
 19
 TEN (10) YEARS on Count I, and FIVE (5) YEARS imprisonment on Count III, with said period of imprisonment on Count III to run concurrent with the sentence imposed in Count I.
 
 
 20
 IT IS FURTHER ORDERED that on Count II, FIVE (5) YEARS imprisonment to run consecutive to the sentence of imprisonment imposed on Count I.
 
 
 21
 (App. 108). In making the above ruling, the judge was not specifying his intent that the ten-year sentence be served prior to the five-year sentence. Rather, he was specifying that these two sentences be served other than concurrently, for a total of fifteen years. The order in which the sentences were to be served was of no concern to the judge. As a matter of fact, the sentencing judge stated to the Assistant United States Attorney in Arkansas that the computation of Rodger's sentence by the Bureau of Prisons was to his satisfaction.
 
 
 22
 The legislative history to 18 U.S.C. Sec. 924(c) provides that sentences thereunder are to be served prior to any other sentences the defendant may receive:
 
 
 23
 In addition, the Committee intends that the mandatory sentence under the revised subsection 924(c) be served prior to the start of the sentence for the underlying or any other offense. For example, a person convicted of armed bank robbery in violation of section 2113(a) and (d) and of using a gun in its commission (for example by pointing it at a teller or otherwise displaying it whether or not it is fired) would have to serve five years (assuming it was his first conviction under the subsection) less only good time credit for proper behavior in prison, before his sentence for the conviction under section 2113(a) and (d) could start to run. Finally, a person sentenced under the new subsection 924(c) would not be eligible for parole.
 
 
 24
 S.Rep. No. 98-225, 98th Cong.2d Sess. 313-14, reprinted in 1984 U.S.CODE CONG. & ADMIN.NEWS 3182, 3492 (footnote omitted). By ordering that Rodger serve his sentence for the violation of section 924(c) first, the Bureau of Prisons gave effect to the above-quoted intent of Congress. Although we accept the petitioner's claim that the order in which his sentences are served affects his total time in custody, we nonetheless conclude that the computation by the Bureau of Prisons was both in accordance with congressional intent and consistent with the original order of the sentencing judge. The district court's denial of Rodger's petition for habeas corpus was proper.
 
 
 25
 AFFIRMED.
 
 
 
 *
 Honorable Horace W. Gilmore, United States District Court, Eastern District of Michigan, sitting by designation
 
 
 [1]
 Petitions under 28 U.S.C. Sec. 2241 must be brought in the district court having jurisdiction over the custodian. Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979)
 
 
 [2]
 18 U.S.C. Sec. 4205 was repealed when the Federal Sentencing Guidelines became effective. Because Rodger was sentenced before the Guidelines became law, section 4205 still governs his case
 
 
 [3]
 Section 235(a)(1) provides that the Sentencing Reform Act would become effective on November 1, 1986. Congress later extended this date to November 1, 1987, which gave rise to the date set forth in the West annotations. See United States v. Robinson, 865 F.2d 171, 172 n. 3 (8th Cir.1989)
 
 
 [4]
 We note that the sentencing judge retains jurisdiction to correct an illegal sentence, however. Adams, 362 F.2d at 211. However, failure to state the order in which consecutive sentences are to be served does not create an ambiguity resulting in an illegal sentence. Stone v. United States, 295 F.2d 241, 242 (6th Cir.1961)