963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel Vasquez CONTRERAS, Defendant-Appellant.
 No. 91-15323.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1992.*
Decided May 15, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Vasquez Contreras appeals pro se the district court's denial of his motion under Federal Rule of Criminal Procedure 35 to reduce his sentence. Because his notice of appeal of the Rule 35 decision was filed late, we will treat the appeal as an appeal of the district court's denial of his petition under 28 U.S.C. § 2255. We affirm.
 
 BACKGROUND
 
 3
 In 1988, Contreras was convicted after a jury trial of counts related to his arrangement of a cocaine sale on or before March 11, 1987. The district judge sentenced Contreras to a total of 15 years in prison, including five years for possession of a firearm during a drug trafficking crime pursuant to 18 U.S.C. § 924(c). A panel of this court affirmed the conviction in 1990. See United States v. Contreras, 895 F.2d 1241 (9th Cir.1990).
 
 
 4
 After the appellate ruling, Contreras moved pursuant to Federal Rule of Criminal Procedure 35 for a reduction of his sentence. The district court granted a five-year reduction because it found that the sentencing court had erroneously assumed that the mandatory minimum sentence of 10 years in 18 U.S.C. § 841(a)(1) was in effect at the time of Contreras's offense. The district court modified Contreras's sentence to five years on the drug charges followed by five years on the firearms charge, thus reducing Contreras's total sentence to 10 years.
 
 
 5
 On November 15, 1990, Contreras filed another Rule 35 motion for reduction of sentence. In this second motion, Contreras argued that 18 U.S.C. § 924(c), with its five-year mandatory minimum sentence for the firearms violation, was not in effect on the date of his offense.
 
 
 6
 The district court denied the second motion, finding that the five-year mandatory minimum sentence in 18 U.S.C. § 924(c) was in force on the date of Contreras's offense. On February 4, 1991, Contreras raised essentially the same claims in a petition under 28 U.S.C. § 2255. The district court denied the petition on February 6, 1991, and suggested that Contreras might be able to appeal the denial of his second Rule 35 motion. On February 15, 1991, Contreras filed a notice of appeal of the district court's denial of his second Rule 35 motion.
 
 ANALYSIS
 
 7
 Contreras's appeal of the denial of his Rule 35 motion is untimely. Federal Rule of Appellate Procedure 4(b) provides that in a criminal case, the notice of appeal must be filed within 10 days after the entry of the challenged judgment or order of the district court. The district court may extend the time to file the notice by 30 days upon a showing of excusable neglect.
 
 
 8
 In this case, the district court denied the second Rule 35 motion on November 26, 1990. Contreras did not file his notice of appeal until February 15, 1991. Even a finding of excusable neglect would not give this court jurisdiction because the district court has power only to extend the time to file a notice of appeal 30 days beyond the normal requirements of Rule 4(b) upon a showing of excusable neglect. See United States v. Mortensen, 860 F.2d 948, 949 (9th Cir.1988), cert. denied, 490 U.S. 1036 (1989). The notice in this case was well beyond the deadline even if there had been excusable neglect.
 
 
 9
 The timely filing of an appeal is essential to the jurisdiction of this court. See, e.g., United States v. Avendano-Comacho, 786 F.2d 1392, 1394-95 (9th Cir.1986). Because the notice of appeal was not timely filed in this case, this court has no jurisdiction to hear an appeal of the denial of the second Rule 35 motion.
 
 
 10
 Contreras's styling of his appeal as an appeal of the denial of the second Rule 35 motion is not necessarily fatal to his appeal, however. "The pleadings of a pro se inmate are to be liberally construed." United States v. Young, 936 F.2d 1050, 1052 (9th Cir.1991). "A court may treat a Rule 35 motion as one brought under 28 U.S.C. § 2255." Id. Likewise, this court will construe Contreras's pleadings and notice of appeal in such a way as to provide jurisdiction to review the merits of his claim.
 
 
 11
 The district court dismissed the § 2255 petition because Contreras raised new grounds for attacking his conviction in the § 2255 motion without showing cause for his failure to raise the grounds in his direct appeal. We need not address whether the district court correctly dismissed the petition on this ground, as Contreras would not prevail on the merits in any event. Basically, Contreras contends that the five-year sentence he received under 18 U.S.C. § 924(c) was illegal because pertinent portions of that statute became effective on November 1, 1987, after the date of his offense.
 
 
 12
 Contreras is incorrect. Congress amended 18 U.S.C. § 924(c) in 1984 to provide mandatory sentences for offenders who carry firearms during crimes of violence. See Pub.L. No. 98-473, § 1005, 98 Stat. 1837, 2138-39 (1984). That law was enacted on October 12, 1984. 98 Stat. at 2199. Because the law did not specify an effective date for the section amending § 924(c), it became effective on the date of enactment. See United States v. Robinson, 865 F.2d 171, 172 (8th Cir.1989) (holding that the 1984 amendment to § 924(c) took effect on October 12, 1984).
 
 
 13
 In 1986, Congress further amended § 924(c) to include drug trafficking crimes in the mandatory sentencing scheme. See Pub.L. No. 99-308, § 104(a)(2), 100 Stat. 449, 456-57 (1986). That change took effect 180 days after the enactment, which occurred on May 19, 1986. See Pub.L. No. 99-308, § 110(a), 100 Stat. at 460-61 (1986). The law under which Contreras was sentenced thus was in effect on the date of his offense.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3