986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Wayne A. MATRA, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-3006.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 19, 1993.
Filed: January 26, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wayne A. Matra, a federal inmate, appeals from the District Court's[1] denial of his motion to vacate his sentences under 28 U.S.C. § 2255 (1988). We affirm.
 
 
 2
 Matra was convicted of possession of 500 grams or more of cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1) (1988) (Count 1); use of a machine gun during and in relation to a drug trafficking offense, a violation of 18 U.S.C. § 924(c) (1988) (Count II); and possession of an unregistered machine gun, a violation of 26 U.S.C. § 5861(d) (1988) (Count III). The District Court sentenced Matra to serve twenty years in prison for Count I; ten years for Count II; and five years for Count III. All sentences were to be served consecutively, and parole was not available for the first two counts. We affirmed the convictions. United States v. Matra, 841 F.2d 837 (8th Cir. 1988). Matra then filed two motions to correct an illegal sentence under former Federal Rule of Criminal Procedure 35(a), which the District Court construed as made under 28 U.S.C. § 2255.
 
 
 3
 We reject Matra's argument that the penalty provisions in 21 U.S.C. § 841(b)(1)(B) are unconstitutionally inconsistent. This section requires the imposition of a mandatory minimum sentence. See, e.g., United States v. Lattimore, 974 F.2d 971, 973 (8th Cir. 1992). A sentencing court may not opt to impose only a fine, as Matra argues. Accordingly, there is no inconsistency.
 
 
 4
 Matra's argument that the 1986 amendments that increased the penalty provisions of 21 U.S.C. § 841 did not take effect until November 1, 1987, also fails. These amendments were contained in section 1002 of the Narcotics Penalties and Enforcement Act of 1986, Pub. L. No. 99-570, § 1002, 100 Stat. 3207-2, 3207-3 to 3207-4. The effective date of section 1002 was the date of its enactment, October 27, 1986, see Gozlon-Peretz v. United States, 498 U.S. 395,, 111 S. Ct. 840, 846-48 (1991), which preceded the date of Matra's offenses. Thus, the enhanced penalties were properly applied to Matra. Gozlon-Peretz also refutes Matra's argument that parole was available for the § 841(a) conviction. Because the provision eliminating parole availability for § 841(a) was contained in section 1002, the effective date of that provision was October 27, 1986.
 
 
 5
 We also reject Matra's argument that parole was available for the 18 U.S.C. § 924(c) conviction. The 1984 amendments to § 924(c) eliminated parole availability for that offense. Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, § 1005(a), 98 Stat. 2136, 2138-39. We have held that the effective date of these amendments was October 12, 1984, well before the date of Matra's offenses. United States v. Robinson, 865 F.2d 171, 172 (8th Cir. 1989) (per curiam); United States v. York, 830 F.2d 885, 892 (8th Cir. 1987) (per curiam), cert. denied, 484 U.S. 1074 (1988).
 
 
 6
 Matra's argument that the District Court incorrectly sentenced him on Count III pursuant to 18 U.S.C. § 4205(a) (since repealed) lacks merit. The reference to § 4205(a) in this context was merely a clerical error. The judgment reflected that Matra was convicted of violating 26 U.S.C. § 5861 as charged in the indictment. The court understandably referred to § 4205(a) to emphasize that, while parole was not available for the offenses charged in Counts I and II, parole was available for the offense charged in Count III.
 
 
 7
 We do not consider the ten new claims that Matra raises for the first time on appeal absent a showing that manifest injustice will otherwise result. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri